## H. H. SELF v. JOHN KING.

To a suit upon an instrument in the form of a "due-bill" for one hundred sheep, particularly described, the defendant answered, that it was understood and verbally agreed between him and the plaintiff, at the time of the making of the instrument, that the sheep should not be delivered until the then ensuing spring of 1861, previous to which the suit was instituted: *Held*, that an exception to the answer was properly sustained, on the ground that it proposed to vary the terms of the written contract by proof of a contemporaneous parol agreement.

When parties have reduced their contract to writing, so as to express its terms and conditions without uncertainty as to its subject and nature, the writing is presumed to contain the whole of the agreement; and hence the rule, that contemporaneous parol evidence is not admissible to contradict or vary the terms of a valid written contract.

When a written contract for the delivery of cumbrous property fixes no specific time for such delivery, it is the settled construction that the property is to be delivered within a reasonable time; and what is a reasonable time, though often a mixed question of law and fact, is generally a question of law. (Paschal's Dig., Note 284, p. 144.)

And it is not competent to show that by a verbal agreement, made simultaneously with such a written contract, the parties fixed a certain time for the delivery of the property. Such parol evidence would contradict the written contract, and should not be received.

It is not questioned that, after such a contract is reduced to writing, the parties may change it by a verbal agreement based upon a sufficient consideration, so as to defer the time of performance and the like. A subsequent agreement so made would recognize the original contract as expressed in writing, and would not be subject to the objection that it sought to contradict it.

But without alleging fraud or mistake, it is not permissible to show by parol evidence that the true contract of the parties is not expressed in the written instrument executed at the time as imbodying its terms and conditions.

Where the witnesses disagree as to the measure of damages, the jury must determine between them.

APPEAL from Ellis. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The copy of the contract and principal facts of this case are shown in the opinion of the court.

The jury returned a verdict against the appellant for

$400, in accordance with the valuation of $4 per head placed upon the sheep by the plaintiff's witnesses. The defendant's witnesses valued the sheep at only $3 per head.

*Bradshaw* and *Hawkins & Kemble*, for appellant.

*Ferris & Nicholson*, for appellee, cited Story on Contracts, § 970; Rice v. Churchill, 2 Denio, 145; Hughes v. Pruitt, 5 Tex., 267; and suggested delay, which opened up all errors apparent of record.

SMITH, J.—This suit was instituted 10th January, 1861, by the appellee, King, on the following instrument of writing, to wit:

"Due John King one hundred head of sheep of the folfollowing description: good average Texas-raised sheep, eighty-five ewes and fifteen wethers, for value received of him, this the 28th of November, 1860.    H. H. SELF."

The defendant answered that, although the writing is in the shape of a due-bill for the sheep, yet it was understood by the parties, and agreed by them at the time, that said sheep were not to be delivered until the spring of 1861, and that the writing was put in its present shape for the purpose only of an acknowledgment of indebtedness at that time of one hundred head of sheep, but that they were not to be delivered until the spring of 1861.

Upon exception taken to the answer it was sustained, except as to the general denial, and the defendant brings the case to this court, and it is insisted that the court erred in that ruling.

When parties have reduced their contract to writing, which expresses the terms and character of it without uncertainty as to the subject or nature of the agreement, it is presumed that the writing is the repository, and contains the whole, of the agreement made between them, and hence the rule that no contemporaneous evidence is admis-

sible to contradict or vary the terms of a valid written agreement. (12 Wend., 573.) The court may read a written document in the light of surrounding circumstances, which can be proved, in order to arrive at the true meaning and intention of the parties as expressed in the words used, but will not hear parol evidence of language or words other than those used by the parties themselves in the writing. No other words are to be added to or subtracted from the written instrument.

It is the duty of the court to interpret or to ascertain the true meaning of the words, or the true sense in which they were used by the parties. And when the language of an instrument has a settled legal construction, parol evidence is not admissible to contradict that construction; as, for instance, when no time is stated when an amount of money specified in the writing is to be paid, the legal construction is that it is payable immediately, and parol evidence of a contemporaneous verbal agreement for payment at a future day is not admissible. (Warren v. Wheeler, 8 Met., 97.)

And when no specific time is fixed for the delivery of cumbrous property, it is the settled construction that it is payable within a reasonable time, which is generally a question of law, but often of law and fact. (2 Greenl., 249; 1 Hawk., 41 4 Sheply, 164.) And the admission of parol evidence that a certain day was fixed by the parties by verbal agreement, as contradistinguished from the written contract, would contradict it, and should not be received. Such is the rule laid down in the cases of Croker v. Franklin Hemp and Flax Manf. Co., 3 Sumner, 580; 12 Wend., 573; 5 Pick., 38; Id, 506.

It is not doubted that, after the reduction of a contract to writing, the parties may change it by a verbal agreement, based upon a valuable consideration, in many respects. The date of performance may be postponed, &c. Such testimony does not contradict or vary the original

agreement in the sense of the rule laid down. It admits the agreement to have been as stated in the writing, but that it was changed subsequently by valid agreement of the parties.

In this case, the defendant attempted to show by parol evidence that the true contract of the parties, as made by them, is not expressed in the agreement, without averring that this variance was the result of fraud or mistake. It was clearly an attempt to vary the terms of the written agreement, and we are of opinion that the court below did not err in its rulings upon the point.

As to the value of the sheep, there was some diversity of opinion among the witnesses, but the jury were well warranted in giving the highest value proved.

There is no error in the cause, and the judgment is

AFFIRMED WITH DAMAGES.