THE FIRST NATIONAL BANK OF NACOGDOCHES v. S. B. HICKS.

Decided October 11, 1900.

1. **Foreclosure of Mortgage—Parties—Judgment.**

Where a purchaser of land at a sheriff's sale is not made a party to proceedings subsequently brought to foreclose an existing mortgage thereon, he is not bound by the judgment of foreclosure, and a copy of such judgment is not admissible in evidence against him in an action to recover the land brought by one who purchased under such foreclosure.

2. **Deed—Description of Land.**

A description of the land as that conveyed and described in a previous deed, the names of the parties to said deed and the place of record, with the volume and page of the record in which it is to be found, being given, is sufficient, though there is a slight error in stating the date of the first deed.

3. **Power of Attorney to Mortgage.**

A power of attorney to manage, control, lease, and sell land does not include nor imply the power to mortgage it.

4. **Bill of Exceptions to Exclusion of Evidence.**

Where neither the bill of exceptions nor the assignment of error discloses what the offered evidence would have shown, its materiality and sufficiency can not be determined, and the action of the trial court in excluding the evidence will not be reviewed.

5. **Power of Attorney—Ratification—Parol Evidence.**

Ratification, by the owner, of an unauthorized mortgage of his property, purporting to be done by virtue of a power of attorney to manage and lease it, may be shown by parol evidence of such acts as would operate as an estoppel *in pais.*

6. **Certificate of Acknowledgment—Construction.**

The caption of a certificate of acknowledgment may be read in connection with the officer's signature thereto to determine the State and county for which he was notary public, and it is immaterial that the caption of the instrument acknowledged shows a different State and county.

7. **Same—Recital that Grantor Is Known.**

A recital in a certificate of acknowledgment, that the grantor (or person acknowledging it) is "personally known" to the officer, is a substantial compliance with that part of the statutory form of the certificate which recites that such grantor is "known to be the person whose name is subscribed to the foregoing instrument."

APPEAL from Harris.   Tried below before Hon. WILLIAM H. WILSON.

*Ryan, Brown & Lowry,* for appellant.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellee against the appellant, the trial in the court below resulting in a judgment in favor of appellee for the land sued for. Both parties claim title through C. B. and E. S. Hicks, who conveyed the land in controversy to the Hicks Company, Limited, by deed of date

February 6, 1897. Said deed was duly recorded in the deed records of Shelby County, in which county said land is situated, on the 12th day of February, 1897. This deed, though absolute on its face, was intended as a mortgage, and was given to secure an indebtedness due by said C. B. and E. S. Hicks to said Hicks Company, Limited, of $13,000. The deed was executed by E. S. Hicks, individually, and as attorney in fact for C. B. Hicks, a general power of attorney having been executed by said C. B. Hicks to E. S. Hicks on the 14th day of November, 1896, authorizing him to take possession of and sell said land and to manage and lease the same. On the 8th day of April, 1899, the Hicks Company, Limited, obtained a judgment in the District Court of Nacogdoches County against the said C. B. and E. S. Hicks for the amount of its debt, with decree of foreclosure of said mortgage lien, and at a sale made under an order of sale issued on said judgment of foreclosure the appellee became the purchaser of the land. Prior to the institution of said foreclosure suit by the Hicks Company, appellant had purchased said land at a sheriff's sale made under an order of sale issued upon a judgment obtained by appellant against the said C. B. and E. S. Hicks and others in the District Court of Nacogdoches County on the 22d day of September, 1898, which judgment foreclosed an attachment lien on said land, appellant having procured the issuance and levy of an attachment upon the land at the time of the filing of its suit. The record does not disclose the date of the filing of the foreclosure suit by the Hicks Company, but it is conceded to have been subsequent to the purchase of the land by appellant, and the record shows that appellant was not a party to said suit, and had no notice of the same.

The third assignment complains of the ruling of the trial court in admitting in evidence, over the objection of appellant, a copy of the judgment of the District Court of Nacogdoches County in the suit of the Hicks Company against Hicks Bros. and C. B. and E. S. Hicks, said assignment being as follows: "The court erred in permitting plaintiff, over the objection of defendant, to introduce in evidence a certain copy of a judgment in cause No. 7590, Hicks Company, Limited, v. Hicks & Bro., from the District Court of Nacogdoches County, Texas, because it is shown by the evidence that at the time the Hicks Company, Limited, filed their suit against E. S. Hicks, C. B. Hicks, and Hicks & Bro. in the District Court of Nacogdoches County, Texas, and at the time the said Hicks Company, Limited, obtained the judgment in said suit, of which the instrument here offered in evidence is a certified copy, the defendant herein, the First National Bank of Nacogdoches was an incumbrancer on said lands, having become a purchaser thereof at sheriff's sale, made under and by virtue of a valid judgment and order of sale, and holding a sheriff's deed to said lands at and before the time said judgment was rendered in favor of said Hicks Company, Limited, and the said defendant, the First National Bank, was not made a party to the suit in which said judgment was rendered, and is therefore in no way bound by said judgment."

It is a legal axiom that no person can be concluded by a judgment

rendered in a suit in which he was not a party, or of which he had no notice. The deed from C. B. and E. S. Hicks to the Hicks Company, though absolute upon its face, being in fact a mortgage, the equity of redemption and superior title remained in the said C. B. and E. S. Hicks, and was vested in appellant by the sale made under the judgment in appellant's favor foreclosing its attachment lien. Appellant having acquired this title prior to the institution of the suit by the Hicks Company to foreclose their mortgage lien, and appellant not being a party to said suit, the judgment therein rendered did not affect its title, and such judgment is not admissible in evidence against appellant in this suit. Foster v. Powers, 64 Texas, 249.

There is no merit in appellee's cross-assignment which attacks the title of appellant as being void for insufficiency of description. A description of the land as that conveyed and described in a previous deed, the names of the parties to said deed and the place of record, with the volume and page of the record in which it is to be found, being accurately given, is sufficient under the familiar maxim that the law regards that as certain which can be made certain. The erroneous description of the date of the deed referred to as of February 9th, when in fact its date was February 6th, is immaterial, the deed being fully identified by other recitals.

Appellant's seventh assignment complains of the admission in evidence, over appellant's objection, of the power of attorney from C. B. Hicks to E. S. Hicks, the objection to the admission of said instrument being as follows: (1) Said instrument nowhere gives authority to E. S. Hicks to incumber by mortgage or otherwise any property belonging to C. B. Hicks, the grantor in said power of attorney. (2) There is no sufficient certificate of acknowledgment to said instrument, and said certificate fails to show in and for what State, county, or parish the said Thos. W. Scott, the person who purports to have taken said acknowledgment, is a notary public. (3) Said power of attorney was executed in Shelby County, Texas, and the certificate of said Thos. W. Scott purports to have been written in De Soto Parish, in Louisiana, on the same day said instrument was executed in Shelby County, Texas, but does not show whether said Thos. W. Scott is a notary public in and for Shelby County, Texas, or in and for De Soto Parish, Louisiana, or whether, being a notary public in and for Shelby County, Texas, the said Thos. W. Scott acted in taking said acknowledgment in De Soto Parish, Louisiana. (4) The certificate of the said Thos. W. Scott fails to show that he, the said Thos. W. Scott, knew the said Charles B. Hicks to be the person who executed the said instrument."

We think the first objection should have been sustained, as the power to manage, control, lease, and sell land does not include nor imply the power to mortgage it. Reese v. Medlock, 27 Texas, 120.

Appellee offered to prove by parol that C. B. Hicks expressly ratified the act of E. S. Hicks in executing the mortgage in question long before appellant obtained any lien or claim on said land, but the court would not permit such evidence to be introduced, because same was immaterial. This ruling appellee has called in question by cross-assignment. Neither

the bill of exceptions nor the cross-assignment disclose what the offered evidence would have shown on the question of ratification, and we can not determine its materiality or sufficiency. In view of another trial we deem it proper to say that such ratification might be shown by parol, but the acts relied on to show ratification must be such as would operate an estoppel in pais.

The certificate of acknowledgment to the power of attorney, the sufficiency of which is questioned by the second, third, and fourth objections raised by appellant to the introduction of said instrument as above set out, is as follows:

"The State of Louisiana, Parish of De Soto.—Personally came and appeared Chas. B. Hicks, to me personally known, who acknowledged to me that he signed the foregoing power of attorney for the purposes and considerations therein expressed. Given under my hand and seal of office this 14th day of November, A. D. 1896. Thos. W. Scott, Notary Public."

None of the objections to said certificate are valid. The caption of the certificate may be read in connection with the official signature of the officer to show the State and county for which he is a notary public, and the presumption is that the officer acted within his territorial jurisdiction, and the mere fact that the caption of the instrument acknowledged shows a different State and county, does not overcome this presumption. Alexander v. Houghton, 86 Texas, 702.

The certificate sufficiently identifies the person who executes the instrument, the law only requiring a substantial compliance with the statutory form. Watkins v. Hall, 57 Texas, 1; Schleicher v. Gatlin, 85 Texas, 273.

In view of our conclusion as to the proper disposition of this case, it is unnecessary for us to consider the assignment which charges error in the refusal of appellant's motion for continuance.

The judgment of the court below will be reversed and this cause remanded, and it is so ordered.

*Reversed and remanded.*