JEFFERSON COTTON OIL & FERTILIZER CO. v. PRIDGEN & CONGLETON.
(No. 1362.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1914. On Appellant's Motion for Writ of Certiorari and Rehearing, Dec. 23, 1914.)

1. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR—SECONDARY EVIDENCE—INVOICES.

In an action for work done under a construction contract, where plaintiff testified that he had worked all the lumber in the invoices admitted as evidence in the case, his answer to a question as to how much lumber he actually put into the building, "Here are the invoices * * * of the lumber we received during that time; they total 315,000 feet," was not prejudicial, since, with the invoices before them, the jury could have verified the statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

2. APPEAL AND ERROR (§ 499*)—OBJECTION—WAIVER.

Assignments of error in admitting evidence could not be considered, where there was nothing in the record showing that appellant objected to the testimony covered thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. EVIDENCE (§ 501*)—OPINION EVIDENCE—DAMAGES.

In an action to recover the balance due on a construction contract, opinion of witness as to the amount of damages plaintiff suffered because of facts not testified to and which may or may not have existed was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. § 501.*]

4. APPEAL AND ERROR (§ 692*)—RULING ON EVIDENCE—REVIEW.

Exclusion of evidence cannot be reviewed, where the testimony which the witness would have given was not set out in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

5. APPEAL AND ERROR (§ 230*)—RECORD—OBJECTION TO CHARGE—WAIVER.

Under Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), providing that a written charge shall be submitted to counsel for inspection, and that objections thereto shall be presented to the court before the charge is read to the jury, and that all objections not so presented shall be considered waived, and article 2061, declaring that the ruling of the court on instructions shall be regarded as approved, unless excepted to, as provided in the articles prescribing the requisites of bills of exception, an objection not made to the charge before it was given to the jury will be treated as waived in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 230;* Trial, Cent. Dig. § 680.]

6. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—EVIDENCE—RULE OF COURT.

In an action for the balance due under a contract, where defendant's treasurer testified that he paid plaintiff a certain amount by check, which was not offered until both parties had closed their evidence, though plaintiff had been demanding it for several days, the refusal to reopen the case and admit the check as evidence, in view of other evidence sufficient to support a finding as to debt, after giving defendant credit for the amount of such check, was not reasonably calculated to cause the rendition of an improper judgment, within rule 62a for Courts of Civil Appeals (149 S. W. x), and hence not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

7. APPEAL AND ERROR (§ 925*)—REVIEW—PRESUMPTION—REMARK OF COURT.

On assignment of error to remarks of the court, in the presence and hearing of the jury, where the bill was qualified by the court's statement that the jury did not hear such remarks, it will be assumed that the jury did not hear them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3729–3734; Dec. Dig. § 925.*]

8. EVIDENCE (§ 441*)—PAROL EVIDENCE TO VARY WRITING — CONSTRUCTION OF CONTRACT.

In an action to recover the balance due under a written contract, silent as to the time within which the work was to be done by plaintiff, testimony of defendant's witness that it was mutually agreed that the work should be completed within 60 days was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

9. CONTRACTS (§ 212*)—PERFORMANCE—TIME.

Where there is no specification in a contract of any time for performance of the work, the law implies a reasonable time.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 944–955; Dec. Dig. § 212.*]

10. CONTRACTS (§ 346*)—ACTION—EVIDENCE—ISSUES.

In an action for the balance due on a construction contract, testimony for defendant that when the contract was awarded to plaintiff it was mutually agreed that the work should be completed within 60 days was properly excluded, where there were no pleadings to support it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

On Appellant's Motion for Writ of Certiorari and Rehearing.

11. APPEAL AND ERROR (§ 713*)—RECORD—OBJECTION TO INSTRUCTIONS.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1923, 1924, prescribing the duties of the official court reporter, it is not a part of his duty to record objections to the charge, and his notes thereof, even if in the record sent to the Court of Civil Appeals, cannot be considered therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2379, 2463, 2645, 2956, 2957; Dec. Dig. § 713.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**12. APPEAL AND ERROR (§ 500*)—OBJECTION TO CHARGE—BILL OF EXCEPTIONS—RULE OF COURT.**

The court's action upon oral objections to a charge should be presented on appeal by a bill of exceptions, as required by rule 55 for district and county courts (142 S. W. xxi).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

**13. APPEAL AND ERROR (§ 659*)—CERTIORARI TO PERFECT RECORD—RULES OF COURT.**

Under Rules 11, 22, for Courts of Civil Appeals (142 S. W. xi, xii), relating to motions for certiorari to perfect the record, and providing that mere failure to observe omissions or inaccuracies in the record will not be admitted as a reason for correcting the record or obtaining a rehearing, appellant, whose bill of exceptions presenting his objection to the charge was duly filed in the court below, but omitted from the record sent to the Court of Civil Appeals, was not entitled to certiorari to perfect the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. § 659.*]

**14. APPEAL AND ERROR (§ 926*)—BILL OF EXCEPTIONS—CONSTRUCTION.**

Where a bill of exceptions showed that appellant offered a witness' opinion as to the amount of damages suffered from plaintiff's defective work in roofing its seedhouse, it cannot be assumed from the court's exclusion of such opinion that it would have excluded all competent testimony offered to prove facts from which the jury might have found the damages claimed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735–3747; Dec. Dig. § 926.*]

**15. EVIDENCE (§ 568*)—OPINIONS—WEIGHT—DAMAGES.**

The mere opinion of a witness as to damages suffered by defendant from plaintiff's defective performance of construction work is not a sufficient basis for a finding for defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2392–2394; Dec. Dig. § 568.*]

Appeal from Special District Court, Marion County; W. T. Armstead, Judge.

Action by Pridgen & Congleton against the Jefferson Cotton Oil & Fertilizer Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Appellees were the plaintiffs in the court below. They claimed that appellant was due them $3,368.97 on account of work done by them for it under a contract in writing whereby they undertook to construct for appellant certain brick and wooden buildings to be used by it in its business as an oil and fertilizer company. By the terms of the contract the material for the buildings was to be furnished by appellant, and appellees were to be paid weekly as the work progressed 85 per cent. of the amount due them on estimates made of the work done by them during each week, according to a schedule of prices agreed upon. They recovered judgment for the sum of $1,016.34.

T. D. Rowell and W. L. Grogan, both of Jefferson, for appellant. R. R. Taylor, of Jefferson, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Cross-examining appellee Pridgen, who testified as a witness in his own behalf, appellant asked him this question: "How much lumber did you actually work into those buildings under your contract with defendant, and for which work you have made a charge of $10 a thousand?" The witness answered: "Here are the invoices from Clark & Boice of the lumber we received during that time; they total 315,000 feet." "To which answer," it is recited in the bill of exceptions, "defendant then and there excepted, for the reason that said answer was not in reply to defendant's question, and for the further reason that the invoices were the best evidence of what they contained." The trial court, in allowing the bill, qualified it as follows: "Approved subject to statement of facts. Besides, witness said, 'We worked all the lumber in the invoices; you can add them.' The invoices are regular form, and have been put in evidence by plaintiffs in chief." Exactly what the court meant by approving the bill "subject to the statement of facts" is not clear. But whatever he may have meant, it is believed the assignment presenting the matter should not be sustained. A sufficient reason, perhaps, for overruling it lies in the fact that appellant did not ask that the answer of the witness be stricken out; but if such a motion had been made and erroneously overruled, the error in overruling it would not have furnished a reason why the judgment should be reversed; for, as shown by the qualification to the bill, the witness had testified that appellees had "worked all the lumber in the invoices" he referred to, and the invoices had been admitted as evidence in the case. With the invoices before them, the jury easily could have verified or ascertained to be false the statement of the witness that they totaled 315,000 feet. Therefore the first assignment of error is overruled, as is also the second, in which complaint is made of the action of the court in admitting certain other testimony given by appellee Pridgen as a witness. There is nothing in the record showing that appellant objected to the testimony covered by the assignment last mentioned.

[3, 4] It appears from a bill of exceptions in the record that appellant "offered," quoting, "to prove by John William Taylor that defendant had been damaged in the sum of $3,000 on account of cotton seed becoming wet and heated and destroyed as the immediate result of unskillful and defective work of plaintiffs in putting the roof on the seedhouse of defendant." In its third assignment appellant complains of the refusal of the court to permit it to make such proof. What the witness would have testified to is not stated in the bill. It is plain, if the offer was not to have the witness testify to facts, but merely to his opinion as to the amount of dam-

ages appellant suffered because of facts which may or may not have existed, the court did not err in excluding the testimony. Railway Co. v. Philips, 63 Tex. 593; Turner v. Strange, 56 Tex. 143. If the offer was to prove facts which appellant thought would authorize a finding in its favor for the damages claimed, the testimony the witness would have given to establish such facts should have been set out in the bill. Without being informed as to what the testimony of the witness would have been, we are not in a position to determine whether the court erred as asserted or not. Until the contrary is made to appear, it must be presumed the court was correct in his ruling. Beeks v. Odom, 70 Tex. 186, 7 S. W. 702; Cattle Co. v. Powell, 13 Tex. Civ. App. 496, 36 S. W. 1035; Bank v. Hicks, 24 Tex. Civ. App. 269, 59 S. W. 842; Neal v. Minor, 26 S. W. 883. For like reasons the fourth assignment, in which complaint is made of the refusal of the court to permit the same witness to give similar testimony with respect to another item of damages claimed, is overruled.

[5] In its fifth and sixth assignments appellant complains of the fifth paragraph of the charge to the jury, in which the trial court submitted a question he thought was made by the testimony as to an estoppel on the part of appellant to set up imperfections in the work done by appellees under the contract they sued upon. As it does not appear from the record before us that appellant objected to said portion of the charge before same was given to the jury, we must treat the objection urged here as waived in the court below. Acts 1913, p. 113, § 3 (articles 1971, 2061, Vernon's Sayles' Statutes); Railway Co. v. Wadsack, 166 S. W. 42.

[6, 7] The witness Hope, who was appellant's secretary and treasurer, testified that on October 18th appellant paid appellees $625 by a check on a bank. The check was not then offered as evidence, but later, after both parties had closed in the introduction of testimony, it was offered, and appeared to have been indorsed, "paid October 18." The court qualified the bill of exceptions taken to his action in sustaining appellees' objection to the admission of the check as evidence, by the statement that appellees "had been demanding said check from defendant in court for several days." We cannot say that the court abused the discretion he possessed, to the injury of appellant, when he refused to reopen the case and admit the check as evidence. The jury might have found that the payment was made as stated by the witness Hope, and yet have found appellant to have been indebted to appellees in the amount of their verdict. The evidence was amply sufficient to have supported their finding as to the amount of such indebtedness, after giving appellant credit for the $625 Hope said it had paid. We cannot say that the action of the court "amounted to such a denial of the

rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case," and, unless we could say that, the judgment should not be reversed on the ground urged. Rule 62a (149 S. W. x) for the government of Courts of Civil Appeals. On the contrary, if we should resort to surmises, we think the most reasonable one to make would be that the jury found the $625 to have been paid as Hope testified it was, for his testimony was not directly disputed by any other testimony in the case. It is further contended that the judgment should be reversed because the court, in sustaining appellees' objection to the introduction of the check as evidence, used this language, "in the presence and hearing of the jury," it is asserted, to wit: "I will exclude this check because Mr. Pridgen has already admitted getting this $625 as included in another payment made him by defendant." The court qualified the bill presenting this complaint, as follows:

"The charge had been submitted and agreed on. The jury was returning to the bench when attorneys asked to reopen the evidence, and the court refused to reopen the evidence, and remarked to counsel for defendant that Pridgen had admitted and that the $625 was in the plaintiffs' account of payments received on different date, and the jury did not hear same, in opinion of the court, and that said check had been demanded by plaintiff for about three days of the trial, and same did not change the amounts of payments to plaintiff by defendant."

It is obvious, if the jury did not hear the statement of the court made to appellant's counsel, its rights were not thereby prejudiced. It is not believed it should be assumed the trial court was mistaken in his opinion expressed that the jury did not hear his remark to counsel, and, unless it should be so assumed, it is plain the assignments should be overruled.

[8-10] Appellant offered to prove by its witness J. B. Hussey that he was a member of its building committee, and at the time the bids for the work were opened appellee Pridgen said to him, "If you will award us (meaning Pridgen & Congleton) this contract, we will finish the work within 60 days," and that at the time the contract for the work was awarded to appellees "it was mutually agreed that said work should be completed within 60 days." Appellees' objection to the testimony on the ground that "it was an attempt to vary the terms of a written contract" was sustained. The contract was silent as to the time within which the work was to be done by appellees. Therefore the court did not err in excluding the proposed testimony on the ground stated. In the absence of a specification in the contract of a time for the performance of the work, the law implied a reasonable time, and appellees were not entitled to contradict this legal implication by showing a contemporaneous oral agreement fixing a time. Self v. King, 28 Tex. 552; Morow-

ski v. Rohrig, 4 Misc. Rep. 167, 23 N. Y. Supp. 880; Liljengren Furniture & Lumber Co. v. Mead, 42 Minn. 420, 44 N. W. 306; 30 A. & E. Enc. Law, p. 1253. The testimony was also properly excluded on the ground that there were no pleadings to support it. In its answer appellant nowhere set up such an undertaking on the part of appellees.

The judgment is affirmed.

### On Appellant's Motion for Writ of Certiorari and Rehearing.

[11-13] Appellant insists it did object to the instruction as to an estoppel against it to set up defects in the work done by appellees before same was read by the court to the jury, and, as evidence of the fact, attaches to its motion a certificate of the court stenographer to the effect that his notes taken during the trial showed appellant to have objected to the instruction. It was not a part of the duty of the stenographer to make a record of objections interposed to the charge (Vernon's Sayles' Statutes, arts. 1923, 1924), and his notes of same, even if in the record sent to this court, could not be considered here. Where objections to a charge are made orally, as, it appears from the motion, appellant's were, the action of the court with reference thereto complained of should be presented on appeal by a bill of exceptions as required by the rules. Rule 55 (142 S. W. xxi) for district and county courts. But, even if it appeared that a bill of exceptions presenting the ruling complained of had been filed in the court below as required by law, and that same had been omitted from the record sent to this court, appellant would not now, under the rules, be entitled to the writ of certiorari to perfect the record prayed for. Rules 11 (142 S. W. xi) and 22 for Courts of Civil Appeals. A part of rule 22 (142 S. W. xii) is as follows:

"All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

[14, 15] It does not appear from the bill of exceptions in the record, to which we must look, that the court refused to "hear," quoting from the motion, "evidence upon paragraph 13 of the defendant's answer, in substance, an allegation of $3,000 damage to cotton seed which he stored in the seedhouse and which were damaged on account of the unskillful manner in which plaintiff put the roof on said seedhouse." As stated in the opinion, it appears from the bill of exceptions that what appellant offered to do was "to prove by John William Taylor that defendant had been damaged in the sum of $3,000 on account of cotton seed becoming wet and heated and destroyed as the immediate result of unskillful and defective work of plaintiffs in putting the roof on the seedhouse of defendant." We cannot assume that, because the court refused to permit appellant to prove the damages it claimed it had suffered by the opinion of Taylor, he would have excluded competent testimony, had it been offered, to prove facts from which the jury might have found appellant to have been damaged as alleged. The mere opinion of Taylor as to damages suffered by appellant, had Taylor been permitted to state his opinion, could not have been treated as sufficient basis for a finding in favor of appellant on that issue. Henry v. Phillips, 151 S. W. 537.

The motions are overruled.