### MEANS v. HARVEY et al. (No. 2073.)

Court of Civil Appeals of Texas. El Paso. Oct. 20, 1927.

Rehearing denied Nov. 10, 1927.

**1. Principal and agent ⬤⟿109(4)—Power of attorney to sell land and receive payment did not authorize agent's indorsing notes received, although part of original transaction.**

The fact that one had the power of attorney to sell land and receive the consideration therefor, did not authorize such person to indorse and transfer notes received and payable to his principal as a part of said consideration, even though the conversion of the notes into cash was a part of the original transaction.

**2. Bills and notes ⬤⟿427(1)—Principal could recover on notes received in land transaction and transferred by agent without authority.**

In action by payee of notes received in sale of land to recover thereon against maker and parties to whom notes were transferred by payee's agent, who, without authority, had indorsed them without recourse and retained the proceeds, maker having paid the notes to holders, plaintiff *held* entitled to recover, since title to the notes never passed from him and he had not been paid.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by J. S. Means against Cora M. Harvey, A. A. Hayden, M. B. Shannon, and Nathan Powell to recover upon notes and foreclose lien, in which defendant Harvey vouched in Dr. Rice R. Jackson and asked judgment against him, whereupon Jackson filed a cross-action against defendant Powell, and defendants Shannon and Hayden filed crossactions against Jackson. From the judgment, plaintiff appeals. Reversed and rendered in part, and reversed and remanded in part.

John W. Pope and J. Lee Zumalt, both of Dallas, for appellant.

J. L. Goggans, Crate Dalton, B. O. Baker, W. F. Johnson, and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellees.

HIGGINS, J. Appellant Means gave to Nathan Powell a power of attorney to sell and convey certain lots owned by Means in the city of Dallas—

"for any sum of money or other consideration, and on such terms as to him may seem most to my advantage, said above-described tract of land; also my agent and attorney in fact to receive the consideration for which said lots or properties may be sold and for the same to execute in my name proper receipts, releases, and acquittances and to make and execute to the purchaser or purchasers thereof such deed or deeds or assurances of title to said tract of land with such covenants and warranties as to my said attorney may seem proper, giving and granting unto my said attorney in fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney, or his substitute, shall lawfully do or cause to be done in the premises by virtue hereof."

Thereafter Means, acting by his said attorney, conveyed one of the lots to Cora M. Harvey, for $500 cash and 2 interest-bearing notes executed by Miss Harvey to the order of Means, note No. 1 being for $400, and note

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No. 2 being for $350, to secure the payment of which a vendor's lien was retained in the conveyance.

The deed. recites that Powell acted under the power of attorney above mentioned, the same being identified by its date and the book and page of its record.

Upon trial it was agreed:

"That subsequent to the execution of said notes, and on the day of their execution, to wit, September 14, 1922, Nathan Powell, acting as agent and attorney in fact for J. S. Means, and acting only under and by virtue of the power of attorney above mentioned, did assign, transfer, indorse, with(out recourse, and deliver said notes to Dr. Rice R. Jackson, and received the full consideration therefor. That thereafter, and before maturity, Dr. Rice R. Jackson indorsed in blank, transferred, and delivered, for a valuable consideration, note No. 1 to M. B. Shannon, and did also deliver said note No. 2 to A. A. Hayden. That thereafter note No. 1 was paid by Miss Cora M. Harvey, to M. B. Shannon, who was then and there the holder of said note, and said note was marked, 'Paid' and delivered to Miss Cora M. Harvey. That thereafter note No. 2 was paid by Miss Cora M. Harvey to A. A. Hayden, who was then and there the holder of said note, and said note was marked, 'Paid' and delivered to Miss Cora M. Harvey."

It was also further agreed:

"That Nathan Powell, Dr. Rice R. Jackson, and Miss Cora M. Harvey, if present and testifying in this case, would testify that Nathan Powell demanded and received all cash for said lot on the day of sale; that Miss Cora M. Harvey not having but $500 in cash, it was agreed between Nathan Powell and Dr. Rice R. Jackson that Dr. Rice R. Jackson should furnish and pay the other $750 in cash, and that notes to the amount of $750 should be signed by Miss Cora M. Harvey, payable to the order of J. S. Means. and indorsed without recourse to Dr. Rice R. Jackson; that the execution of the deed and notes and the payment of the entire $1,250 consideration for the lot was a simultaneous transaction."

The two notes were offered in evidence, indorsed as follows: "Without recourse on the undersigned"—and signed, "J. S. Means, by Nathan Powell, Attorney in Fact," and across the face of the notes they are marked, "Paid in full."

It was shown that payment of the notes was not made to Means.

Means brought this suit against Miss Harvey to recover upon the notes and to foreclose his lien joining Hayden and Shannon as claiming some interest in the notes, and also joining Powell who had failed to account to him for the proceeds thereof; judgment against Powell for the amount of the notes being prayed in the alternative if recovery was denied upon the notes. Miss Harvey vouched in Rice R. Jackson and asked for judgment over against him and the other defendants. Jackson filed a cross-action against Powell, setting up that Powell had represented to him that he had authority to negotiate and indorse the notes for Means. Shannon and Hayden filed cross-actions against Jackson. Upon trial without a jury, judgment was rendered that plaintiff take nothing.

The authority conferred upon Powell was not as comprehensive as in the power of attorney considered in Gray v. Powell, 282 S. W. 631, in which a writ of error was refused. In that case this court said:

"Powers of attorney are strictly construed. General expressions of authority therein contained are referable to the specific acts expressly authorized. Frost v. Erath Cattle Co., 81 Tex. 509, 17 S. W. 52, 26 Am. St. Rep. 831; Skirvin v. O'Brien, 43 Tex. Civ. App. 1, 95 S. W. 696. The power to sell or barter does not authorize the agent to mortgage. Texas, etc., v. Klapproth (Tex. Com. App.) 209 S. W. 392; [First Nat.] Bank v. Hicks, 24 Tex. Civ. App. 269, 59 S. W. 842.

"The power of attorney given by Gray and wife authorized Ladd to sell and convey 200 acres of land in Eastland county for cash or vendor's lien notes or to accept other property in trade for same; to receive and receipt for 'all moneys due to me from the person or persons buying said land or to accept conveyances of other property in exchange for same in my name and stead and to do anything else necessary and proper in the disposal of said land as he sees fit.' If there is the slightest intimation in the instrument that Ladd was invested with any jus disponendi of property which he might accept in exchange we do not see it. Under a power to sell or barter he made an exchange and mortgaged the property which he traded for. He was clearly without authority to execute the mortgage."

[1] So in the present case Powell, with authority to accept notes of the purchaser and to receipt therefor, has accepted notes and undertaken to negotiate and indorse the same for his principal. If there is anything in the present instrument which confers upon Powell authority to negotiate and indorse the notes payable to Means which he received from Miss Harvey in part payment, we fail to find it. The power of attorney is the only authority under which he acted, and this was insufficient for such purpose. An indorsement of negotiable paper without recourse implies certain warranties and liability, and it is, in our opinion, wholly inadmissible to say that an agent with the authority conferred by the power of attorney in Powell's favor may negotiate and indorse for his principal notes received for and payable to the principal.

It is immaterial that the agent demanded all cash and that the negotiation and indorsement of the notes was all a part of the same transaction and for the purpose of making the sale in effect a cash transaction. The agent had the right to demand cash for his principal, but he had no authority from the

principal to adopt the method to obtain cash which the parties did adopt.

[2] Title to the notes having never passed from appellant and the notes not having been paid to him, he is entitled to recover as prayed for.

The issue as between appellant and the defendant is severable from the issues between the defendants upon their cross-actions against each other.

The judgment is reversed and here rendered in favor of appellant against Miss Harvey for the amount sued for with foreclosure of vendor's lien against all defendants. The judgment upon the issues between the defendants upon their various cross-actions is reversed and the cause remanded for retrial.

Reversed and rendered in part; reversed and remanded in part.