T. L. Ross, Adm'r, and Wesley Ross, Guardian, v. Sarah C. Smith et al.

1. Allowance in lieu of homestead.—An estate was appraised at fifteen hundred dollars; a creditor had a mortgage, allowed and approved, on two mules belonging to the estate; there being no homestead, the court, in lieu thereof and of other exempt property, set aside all of the assets of the estate except the said two mules to two children of the deceased, they being the family. On appeal by the guardian of the children from the order setting aside the property, and which excepted the two mules from its operation, *held*, that in the absence of facts showing that the allowance made by the court was insufficient to support the two children, the action of the court below will not be disturbed.

2. Same.—This court will not determine, in absence of testimony, that thirteen hundred dollars is too small an allowance to be made to two minors in lieu of exempt property in the administration of their father's estate.

Appeal from San Jacinto. Tried below before the Hon. J. R. Burnett.

*Walton, Green & Hill,* for appellants.

Roberts, Chief Justice.—The object of this appeal is to show that the court below erred in refusing to turn over to Wesley Ross, guardian of the minors, the two mules that had been decreed by the District Court to be sold to satisfy a judgment rendered in favor of Sarah C. Smith, together

with the rest of the property of the estate of John W. Ross, in lieu of a homestead and other exempt property. It is not shown what the two mules were worth, further than may be inferred from the price agreed to be paid for them by the deceased, John W. Ross, to Sarah C. Smith, which was two hundred dollars, secured by note and mortgage on said mules, that constituted the foundation of the judgment and decree against the administrator, T. L. Ross. The whole estate, including the two mules, was shown to be something less than fifteen hundred dollars, from which it appears that the amount turned over for such purpose, to which there was no objection, was something less than thirteen hundred dollars in property. And because the two mules, as well as the rest of the property, were not turned over for such purpose, the administrator and guardian appealed from the judgment of the District Court turning over the rest and not the two mules.

It is not shown whether John W. Ross resided in a town or in the country. There are no other facts in the record which show upon what the judge acted in this adjudication. And therefore there is nothing from which this court can determine that an amount of property, something less than thirteen hundred dollars, without the said two mules, was not sufficient as an amount to be set apart to the two minors in lieu of a homestead and exempted property. Had there been but little or no property besides the two mules to be set apart for such purpose, then the question would have arisen, whether or not the judgment and decree in favor of Sarah C. Smith, not being appealed from or otherwise contested directly, should yield to the rights of the minors. The circumstances of this case as exhibited in the record do not require that question to be considered, as we cannot say that the amount which was set apart could not be adequate for such purpose.

Judgment affirmed.

AFFIRMED.