## GEO. B. ZIMPELMAN v. R. M. KEATING ET AL.

### No. 5977.

**Ratification of Sale of Land by Agent Without Authority.**—A deed for land made by an agent without power to convey the land, the want of power being fully known to the vendee named in the deed, does not pass title until ratified. The case being one without valuable consideration to the principal nothing less than a ratification in writing would confirm the sale.

APPEAL from El Paso. Tried below before Hon. John Bailey, Special District Judge.

This suit was instituted in the District Court of El Paso County on September 25, 1882, by appellant, to recover of the appellee Keating a certain tract known as "White's Ranch," lying in said county about eight miles above the city of El Paso, and containing three hundred and twenty acres.

On September 5, 1884, E. J. Orn was made a party defendant.

Appellant claimed the land by virtue of a deed executed to him by Keating on December 3, 1877.

Keating answered by plea of not guilty, and specially:

1. That while admitting he executed said deed to appellant, there was no consideration to support it, and that he made said deed while so intoxicated and destitute of understanding from drink as to be incapable

of contracting, and that appellant fraudulently procured the same from him while in that condition.

2. That he (Keating) in February, 1877, brought suit against Charles Howard, then alive, on a moneyed demand for $1327.35; that in March, 1877, Howard, then alive, sued him in trespass to try title to recover the land involved in this suit, "White's Ranch," and that these two suits—his against Howard and Howard's against him—were still pending in the District Court of El Paso County at the date of Howard's death on the 17th of December, 1877. That one Charles Kerber became Howard's administrator; that Howard, in anticipation of his death by violence, before his death conveyed to appellant, who was his father-in-law and jointly interested with him in part of his estate, all of his real estate in consideration that appellant in the event of his death should pay his debts and distribute the remainder of his property to his heirs; that Kerber, beside being the administrator of Howard, was also the general agent of appellant, with authority to sell and convey his real estate; that appellant acted with and advised with Kerber in administering and settling the matters of said estate, and authorizing him among other claims against the said estate to adjust his (Keating's) aforesaid claim; and that Kerber as administrator and as appellant's agent did agree to convey the lands in controversy to him (Keating), and to execute a deed in appellant's name to him, and to dismiss the aforesaid suit of Howard against him, if he (Keating) would dismiss his aforesaid suit against Howard; that this was arranged and agreed upon and the respective suits were dismissed, and Kerber as the agent of appellant executed to him (Keating) the deed to the premises, and that thereafter the appellant ratified and confirmed his act in making the deed as aforesaid.

Verdict for defendant was rendered upon the second section of Keating's special answer. Zimpelman appeals. On the trial it was not contended that Kerber had power to make the deed, nor was any ratification in writing shown. The opinion gives the facts passed upon as existing and insufficient to show a ratification.

*Davis, Beall & Kemp,* for appellant.—The power authorizing an agent to convey land by deed must be conferred by an instrument in writing signed by the principal. A subsequent ratification may be equivalent to a previous authority, but where an express ratification is relied on as confirming the unauthorized deed of an agent such ratification must also be in writing.

We submit briefly that the defense set up in this case was not sustained. It is not contended that Kerber had any express authority to make the deed; and if it can be sustained at all it must be by an express ratification, long acquiescence, or the existence of such facts as would operate as an estoppel *in pais.* Aid from these sources can not be invoked in this

case.   There is no such evidence of long acquiescence or of matter in estoppel as merits consideration.   Any express ratification must have been in writing—of the same grade as the act ratified.   Reese v. Medlock, 27 Texas, 120; Moss v. Berry, 53 Texas, 633; Berry v. Harnage et al., 39 Texas, 641; Williams v. Chandler, 25 Texas, 10; W. & W. Cond. Cases,. sec. 1066; Tiedeman on Real Prop., sec. 805; Story on Agency, secs. 242–252; 2 Kent's Com., *614; Culver v. Ashley, 1 Am. Lead. Cases, *595..

COLLARD, JUDGE.—It was not contended in the court below on the part of defendants that Kerber was authorized to make the deed to Keating as Zimpelman's agent.   The question was, had Zimpelman ratified the act of Kerber, who assumed without authority to make the deed?

Kerber was the agent of Zimpelman to collect his rents at El Paso, to report purchases, and to make sales of lands, but he had no power to make deeds as the agent of Zimpelman.   What authority Kerber had was verbal only.   Kerber might under parol authority only negotiate sales of Zimpelman's lands, but he could not consummate a trade by deed without authority in writing.   Huffman v. Cartwright, 44 Texas, 299.   Kerber had on one occasion prior to the transaction in this case. made a deed to land belonging to Zimpelman which he afterwards accepted and ratified in writing.

Where an agent makes a deed to land of his principal without authority to do so the ratification must generally be by deed of the principal. A mere assent, or such acquiesence as will only amount to evidence of assent, will not be a ratification.   The acquiesence by parol to bind the principal must be by such acts as will operate an estoppel *in pais*.   Reese v. Medlock, 27 Texas, 124–5.   If the principal adopt the sale and receive the purchase money, with full knowledge of the facts, it would be a ratification by estoppel.   Was Zimpelman so estopped?   Kerber made the deed under the following circumstances:   Upon the death of Judge Howard, Zimpelman's son-in-law, Zimpelman procured Kerber to administer upon the estate of deceased, so as to have the estate applied to payment of debts and properly closed.   The estate was insolvent.   Zimpelman instructed Kerber to pay all the just debts against the Howard estate out of his, Zimpelman's, funds.   Most of the debts were so paid out of Zimpelman's money.

Keating had a suit pending against the Howard estate for $1327.35,. brought before Howard's death, and there was a suit pending against Keating brought by Howard for the land in controversy in this case.   In order to settle the suits it was agreed by Keating and Kerber that both suits should be dismissed and that Kerber should make the deed, and it was done.   After the dismissal Keating's suit was barred by limitation. Kerber informed Keating and his attorney that he had no authority from Zimpelman to execute the deed.   The parties knowing this took the risk

that Zimpelman would ratify the conveyance, as Kerber said he believed he would.

Keating's debt may have been a valid claim against the Howard estate. Some time afterwards when Zimpelman was notified of the conveyance by Kerber he made no objection. When Kerber saw him again, nearly two years afterwards, Zimpelman said: "You've played thunder making a deed to my land. What's done is done."

Keating knew Kerber was authorized to pay Howard's debts by Zimpelman. This circumstance will not amount to an affirmance of the acts of Kerber on the part of Zimpelman. He was in nowise benefited by the transaction. He was under no legal obligation to pay the debts of Howard's estate. His instructions to his agent to pay them were voluntary and gave no right to creditors to compel him to do it; besides the power to use funds to pay debts did not authorize Kerber to deed land for that purpose. Keating knew his deed was worthless unless it was ratified by Zimpelman, and he knew he could not enforce a ratification. He was not deceived, and had nothing to rely upon but the generosity of Zimpelman and his anxiety to have Howard's debts paid. Nothing short of a ratification in writing would have been binding upon him. The court should have instructed the jury, there being no such ratification, to find for the plaintiff, and such being the case the judgment of the court below should be reversed and rendered for plaintiff.

*Reversed and rendered.*

Adopted December 18, 1888.