TEXAS MOLINE PLOW CO. v. KLAPP-
ROTH et al.

(Court of Civil Appeals of Texas. El Paso.
Feb. 12, 1914. Rehearing Denied
March 12, 1914.)

1. PRINCIPAL AND AGENT (§ 100*)—POWER OF
ATTORNEY—EFFECT.

A power, authorizing an attorney to bargain and sell the grantor's realty, did not confer on him authority to incumber the same by a deed of trust.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–373; Dec. Dig. § 100.*]

2. PRINCIPAL AND AGENT (§ 117*)—AUTHORITY OF AGENT — EXECUTION OF DEED OF
TRUST—NECESSITY OF WRITING.

Written authority is not necessary to enable an agent to bind his principal to an executory contract for the sale of land, but he cannot consummate a conveyance by deed of bargain and sale, or by deed of trust without written authority, under Rev. St. 1911, art. 1103, providing that no estate of inheritance or freehold shall be conveyed unless by an instrument in writing, subscribed and delivered by the vendor, or by his agent "thereunto authorized by writing."

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 378–390; Dec. Dig. § 117.*]

3. PRINCIPAL AND AGENT (§ 169*)—DEED OF
TRUST—RATIFICATION—NECESSITY OF WRITING.

Where a deed of trust executed by the grantor's agent without written authority was invalid in its inception, it could not be ratified by mere oral assent or acquiescence, but only by an instrument in writing.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 636, 637; Dec. Dig. § 169.*]

4. MORTGAGES (§ 151*)—VALIDITY—PRIORITY
OF LIEN.

Where a deed of trust on certain land was invalid because executed by the landowner's agent, without written authority, a subsequent deed of trust, executed by the landowner on the same land, was prior in right.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. § 151.*]

5. PRINCIPAL AND AGENT (§ 169*)—DEED OF
TRUST—INVALIDITY—ESTOPPEL TO ASSERT.

While mere parol ratification of a deed of trust executed by a landowner's agent without written authority is insufficient to validate it, yet the landowner may be bound by proof of full knowledge of the facts and accompanying acts sufficient to create an estoppel in pais.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 636, 637; Dec. Dig. § 169.*]

6. PRINCIPAL AND AGENT (§ 167*)—DEED OF
TRUST—INVALIDITY—RATIFICATION—PLEADING.

Where a deed of trust executed by a landowner's agent was invalid for want of written authority, but the owner in a suit to foreclose answered and alleged that the deed was executed by the agent as her attorney in fact for a good and valuable consideration, and was in all things ratified by her, such pleading constituted a sufficient ratification to render the deed valid from its inception, not only as against the landowner, but as against the holder of a subsequent deed which accepted its lien with notice of the existence of the prior deed, and without reference to whether it also had knowledge of the lack of authority of the attorney making such deed or not.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 634, 635; Dec. Dig. § 167.*]

7. ESTOPPEL (§ 3*)—VALIDITY—EXECUTION.

Where a deed of trust was invalid for want of written authority on the part of the attorney executing it, but in a suit to foreclose the landowner alleged that it was executed by her attorney in fact for a valuable consideration, such answer operated as an estoppel of record to validate the deed from its inception, not only as against the landowner, but as against the holder of a subsequent deed of trust.

[Ed. Note.—For other cases, see Estoppel. Cent. Dig. §§ 2–5, 7; Dec. Dig. § 3.*]

Appeal from District Court, Midland County; S. J. Isaacs, Judge.

Suit by H. Klapproth against the Texas Moline Plow Company and Julia Hooper. Decree for plaintiffs, and defendant Plow Company appeals. Affirmed.

Charles Gibbs, of Midland, and Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for appellant. J. M. Caldwell, of Midland, for appellee Klapproth. Howard & De Armond, of Midland, for appellee Hooper.

HIGGINS, J. This was a suit by H. Klapproth, against Julia Hooper to recover upon certain promissory notes dated August 1, 1911, alleged to have been executed by her acting by her authorized agent, M. T. Hooper, and for foreclosure of deed in trust, secur-

ing same to· W. B. Elkins, trustee, upon certain real estate, which deed was also executed by Julia Hooper, by said M. T. Hooper, dated August 3, 1911, recorded August 12, 1911. In the petition it was averred that the notes and deed in trust were executed by Julia Hooper, acting by her duly authorized agent, M. T. Hooper, and, if he was not so duly authorized, that nevertheless, Julia Hooper, with full knowledge of the facts, ratified and confirmed the execution thereof. On January 6, 1912, Julia Hooper executed another deed in trust to O. P. Robb, trustee, covering the same realty, to secure payment of an indebtedness to the Texas Moline Plow Company. Said company was made a party defendant as a subsequent incumbrancer, and foreclosure sought against it. The Texas Moline Plow Company filed a general denial and special answer, averring that on January 6, 1912, Julia Hooper executed above-mentioned deed in trust to Robb, securing payment of certain notes in its favor; that if M. T. Hooper undertook to execute the deed in trust described in plaintiff's petition for and in behalf of Julia Hooper, he was without authority so to do; that it was void because he was not authorized in writing by Julia Hooper to execute same in her behalf; that it accepted the Robb deed in trust for a valuable consideration, wherefore its lien upon the premises was superior to the one sought to be foreclosed. It prayed that its lien be established as a first lien, and that plaintiff be denied any relief as against it. Julia Hooper answered, admitting the execution and delivery of the notes and deed in trust declared upon by plaintiff; she alleged that the notes were given for a valuable consideration, and were executed by M. T. Hooper as her attorney in fact and with her full consent and approval; that the deed in trust was likewise so executed by M. T. Hooper, and had been in all things· ratified by her; she also admitted the execution of the Robb deed in trust for use of the Texas Moline Plow Company, securing payment of certain notes to it; that the negotiations leading up to the execution of the Robb instrument were conducted in behalf of said company by one Metcalf, its agent, and that Metcalf knew and was fully cognizant of the Elkins deed in trust, and he accepted the Robb instrument in behalf of the company as a second lien upon the premises. By supplemental petition, Klapproth averred that at date of the Robb deed in trust, Metcalf, agent. for the company, had notice of the prior one given to Elkins for use of plaintiff, and with full knowledge thereof, and by special agreement with Julia Hooper, he accepted the same as a second lien, subject to the lien created by the first one given to Elkins, wherefore the company was estopped to question the authority of M. T. Hooper to execute the same or to assert that same is other than a first lien upon the premises superior to the subse-

quently executed one to Robb. It was also alleged that the notes held by the company were given to cover an antecedent indebtedness, wherefore it was not an incumbrancer for value. Upon trial before the court, without the aid of a jury, judgment was rendered in favor of plaintiff, establishing and foreclosing the Elkins deed in trust as a first lien upon the premises, from which the Texas Moline Plow Company has prosecuted this appeal.

We quote and adopt as our own those portions of the findings of fact of the trial court which are deemed material to a consideration of the questions presented by this appeal:

"I. M. T. Hooper and the defendant Julia Hooper are mother and son, and were at the time of all of the transactions in this cause, and are now, both stockholders in a corporation known as the Midland Metal & Manufacturing Company.

"II. On the 30th day of August, 1910, the defendant Julia Hooper executed a general power of attorney, appointing M. T. Hooper as her attorney in fact, which power of attorney authorized him to bargain and sell any property, both real and personal, in the state of Texas, belonging to the said Julia Hooper.

"III. Said power of attorney was properly authenticated and filed for record in the office of the county clerk of Upton county on the 31st day of October, 1910, at 2 o'clock p. m., and duly recorded on the 3d day of November, 1910, at 11: 30 o'clock a. m.

"IV. Thereafter on the 1st day of August, 1911, M. T. Hooper acting under the aforesaid power of attorney, executed 38 certain promissory notes of $50 each, all dated August 1, 1911, and due one on the 1st of each month thereafter, payable to the order of H. Klapproth, signed by Mrs. Julia 'Hooper by M. T. Hooper, attorney in fact, and three days thereafter, to wit, on August 3d, the said M. T. Hooper, acting under said power of attorney, executed a certain deed of trust conveying to W. B. Elkins, trustee, the second tract of land in controversy, to secure the payment of the aforesaid 38 notes."

"VII. The said 38 notes were executed in favor of H. Klapproth for a consideration of certain stock owned by the said Klapproth in the Midland Metal & Manufacturing Company, a corporation, the said corporation purchasing said stock from H. Klapproth.

"VIII. On the 5th day of January, 1912, the defendant Mrs. Julia Hooper executed a deed of trust on the land in controversy to O. P. Robb, trustee, to secure the payment of two promissory notes executed by the Midland Metal & Manufacturing Company, M. T. Hooper, and Mrs. Julia Hooper, dated January 6, 1912, due December 1, 1912, and November 1, 1913, for the sum of $795 each, payable to the Texas Moline Plow Company.

"IX. Immediately prior to the execution of said deed of trust by M. T. Hooper to W. B. Elkins the defendant Mrs. Julia Hooper knew

that M. T. Hooper contemplated and was going to execute said deed of trust, and both the defendant Mrs. Julia Hooper and M. T. Hooper believed that M. T. Mooper had authority under the aforesaid power of attorney to execute said deed of trust; and within a very few days after the execution of the deed of trust by M. T. Hooper, the defendant Mrs. Julia Hooper was advised of the execution of same and approved and assented to the action of M. T. Hooper therein.

"X. The notes executed by Midland Metal & Manufacturing Company, M. T. Hooper, and Mrs. Julia Hooper to the Texas Moline Plow Company were for a pre-existing indebtedness of the Midland Metal & Manufacturing Company to the Texas Moline Plow Company, and the notes and deed of trust were given to secure an extension of said indebtedness.

"XI. The notes to the Texas Moline Plow Company signed by Midland Metal & Manufacturing Company and the deed of trust given to secure same were secured for the Texas Moline Plow Company by its duly authorized agent, W. A. Metcalf, who, before the execution of the notes and deed of trust, was advised by M. T. Hooper that he, acting under the power of attorney aforesaid, had executed a deed of trust to secure the notes due the plaintiff, and advised the said Metcalf that his lien would be subject to the lien of Klapproth, and also to the lien of the state of Texas for the purchase price of said land.

"XII. At the time of the execution of the deed of trust to secure the notes of the Texas Moline Plow Company the defendant the Texas Moline Plow Company, through its duly authorized agent, W. A. Metcalf, refused to accept a deed of trust on the land in controversy executed by M. T. Hooper as attorney in fact under said power of attorney, believing that the deed of trust executed by M. T. Hooper in favor of the plaintiff was invalid under the power of attorney.

"XIII. Of the 38 notes given, and for which the deed of trust was executed to secure, 8 have been paid off and discharged by the defendant Mrs. Julia Hooper out of the funds of the Midland Metal & Manufacturing Company, the remaining 30 of said notes are unpaid and are valid and subsisting obligations of the defendant Mrs. Julia Hooper; and the plaintiff, H. Klapproth, has elected to mature all of said notes under a provision in said deed of trust providing that a failure to pay any one or more of said notes should at the option of the holder thereof mature all of same."

"XV. The approval and indorsement by the defendant Mrs. Julia Hooper of M. T. Hooper's execution of the deed of trust was verbal and not in writing."

[1, 2] The power of attorney from Julia Hooper to M. T. Hooper authorized him to bargain and sell her realty. Such power did not authorize him to incumber same by lien,

164 S.W.—26

and the Elkins deed in trust was executed without lawful authority, so far as the power of attorney was concerned. Bank v. Hicks, 24 Tex. Civ. App. 269, 59 S. W. 842; Reese v. Medlock, 27 Tex. 120, 84 Am. Dec. 611. And the parol authority, which, from the ninth paragraph of the court's findings, seems to have existed at the time of its execution, was insufficient to pass title. While written authority is not necessary to enable an agent to bind his principal in an executory contract for the sale of lands (Huffman v. Cartwright, 44 Tex. 296; Marlin v. Kosmyroski, 27 S. W. 1042; Tyman v. Dullnig, 25 S. W. 465), yet he cannot consummate a conveyance by deed without written authority. Article 1103, R. S. Zimpleman v. Keating, 72 Tex. 318, 12 S. W. 177.

[3] It follows that the instrument in its inception was invalid for want of lawful authority on the part of M. T. Hooper to execute same. While there was a ratification by Julia Hooper, yet it likewise was verbal, and the general rule seems to be well settled that a ratification of a deed executed without lawful authority must be in writing. Mere assent or such acquiescence as will amount only to evidence of assent is not a lawful ratification. Reese v. Medlock, supra; Skirvin v. O'Brien, 43 Tex. Civ. App. 1, 95 S. W. 696; Zimpleman v. Keating, supra; Mechem on Agency, § 136.

[4] If title was not divested out of Julia Hooper by the deed to Elkins, trustee, and which, as shown, it did not, the Texas Moline Plow Company, as the holder of a lien under a lawful contract had the superior right. Sanborn v. Murphy, 86 Tex. 437, at page 446, 25 S. W. 610; Masterson v. Little, 75 Tex. 682, 13 S. W. 154.

[5] While a mere parol ratification is insufficient in cases such as is here considered, yet if same be made with full knowledge of the facts, and be accompanied by acts sufficient to create an estoppel in pais—as receipt of the purchase money—the principal will be bound. Reese v. Medlock, supra; Zimpleman v. Keating, supra; Frost v. Erath Cattle Company, 81 Tex. 509, 17 S. W. 52, 26 Am. St. Rep. 831.

Appellee does not question the invalidity, in its inception, of the deed in trust sought to be foreclosed, but contends that such equities have arisen as would bring the case within the rule just quoted above, but there is nothing in the facts called to our attention which would operate as an estoppel in pais against Julia Hooper. The stock, in payment for which the notes were given, it seems was not bought by Mrs. Julia Hooper, but by the corporation itself. It is true M. T. Hooper testified she now owned a part of it, but she must have obtained it from the corporation and not from Klapproth direct. No equities are apparent as between Julia Hooper and appellee which would have precluded her from availing herself of the illegality

of the instrument which M. T. Hooper undertook to execute in her behalf.

[6] But as noted above, she appeared and answered in this cause by her attorneys, and formally averred that the deed in trust was executed by M. T. Hooper, her attorney in fact, for a good and valuable consideration, and was in all things ratified by her. She also admitted the execution of the Robb deed, and alleged that it had been accepted by appellant with full knowledge of the one previously given to Elkins for benefit of Klapproth, and that same was accepted by appellant as a second lien. She interposed no defense to the foreclosure sought by Klapproth, except as to 200 acres of the land which she claimed as a homestead. The court refused to set aside the same as a homestead, and no complaint is made by her of this refusal, or to any part of the judgment rendered.

The filing of this answer containing the formal admissions and averment noted was a sufficient ratification and confirmation by Julia Hooper of the original unauthorized act of M. T. Hooper, and validated the Elkins deed in trust. Stoney v. Shultz, 1 Hill, Eq. (S. C.) 465, 27 Am. Dec. 429. Authority in support of this view seems to be meager, but upon principle it would seem that an unauthorized act of this nature could be ratified by formal pleading averring that the same had been ratified.

[7] But if it cannot be considered as a lawful ratification, still it would seem to operate and be effective as an estoppel by record. Brown v. O'Brien, 11 Tex. Civ. App. 459, 33 S. W. 267; Scanlan v. Hitchler, 19 Tex. Civ. App. 689, 48 S. W. 762; Milby v. Hester, 94 S. W. 178. And whether validated upon theory of a ratification or an estoppel, it relates back, and is operative as though authority had originally been lawfully vested in M. T. Hooper. Mechem on Agency (1st Ed.) § 167. It is true such a retroactive effect cannot be permitted to affect third persons who in good faith have acquired rights which intervene between the original act and its ratification or validation by estoppel. Mechem on Agency (1st Ed.) § 168, but appellant cannot avail itself of this latter rule, for the court's findings establish that it accepted its lien with knowledge of the existence of the former deed in trust, and M. T. Hooper advised its agent, Metcalf, that the company's lien would be subject to Klapproth's lien. Having such knowledge of the prior instrument, it is immaterial that Metcalf knew that it was invalid for want of lawful authority on the part of M. T. Hooper to execute it. He took the company's lien subject to the contingency that the former deed in trust might be validated by Julia Hooper by lawful ratification or by acts which would operate as an estoppel.

The various assignments have not been discussed in their order, but the views expressed dispose of all questions raised.

Affirmed.