### TEXAS MOLINE PLOW CO. v. KLAPPROTH et al. (No. 37—2688.)

(Commission of Appeals of Texas, Section B. Feb. 26, 1919.)

**1. PRINCIPAL AND AGENT ⬦100(3)—POWER OF SALE—MORTGAGES.**

A power of attorney, authorizing one to bargain and sell property, does not give power to execute a deed of trust.

**.2. PRINCIPAL AND AGENT ⬦167 — EXECUTION—RATIFICATION.**

The ratification of an unauthorized mortgage must be evidenced by a written instrument, under Rev. St. 1911, arts. 1103, 3965.

**3. PRINCIPAL AND AGENT ⬦175(3)—RIGHT OF MORTGAGEE—INTERVENING RIGHTS.**

Right of mortgagee must be determined by facts as they existed at time of execution of mortgage, and if there was then no other valid lien existing, nothing thereafter done by mortgagor could create a prior and valid mortgage or superior lien, not even a pleading admitting validity of a prior mortgage.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Proceeding by H. Klapproth against Mrs. Delia Hooper and the Texas Moline Plow Company, to foreclose a deed of trust. There was a judgment in favor of plaintiff, which was affirmed by the Court of Civil Appeals (164 S. W. 399), and the last-named defendant brings error. Reversed and remanded.

Spence, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for plaintiff in error.

Howard & De Armond and J. M. Caldwell, all of Midland, for defendant in error.

MONTGOMERY, P. J. A full statement of the pleadings and material facts will be found in the opinion of the Court of Civil Appeals, 164 S. W. 399.

H. Klapproth, who was plaintiff in the trial court sued Mrs. Delia Hooper, a widow, to recover upon certain promissory notes and foreclose a deed of trust on certain lands, the property of Julia Hooper.

It was alleged that the notes and deed of trust were executed by M. T. Hooper, the duly authorized agent of Julia Hooper, and it was further alleged that if the execution

of the notes and deed of trust were not properly authorized by Julia Hooper that she, after their execution, with full knowledge of all the facts, had ratified the act of M. T. Hooper, who in the execution thereof purported to act as her agent and attorney in fact. The Texas Moline Plow Company was also made a party, and it was alleged that said plow company was a junior mortgagee, that is, that Mrs. Julia Hooper, after the execution of the deed of trust and notes to Klapproth, had executed certain notes payable to the Texas Moline Plow Company, and to secure the same had given to said plow company a deed of trust for the same land conveyed by the Klapproth deed of trust. A foreclosure was sought both against Mrs. Julia Hooper and the Texas Moline Plow Company.

The plow company answered by alleging that the deed of trust to secure Klapproth's debt was executed without the authority of Julia Hooper, and that she had never legally ratified or adopted the same so as to become bound thereby, and further alleged that by virtue of its mortgage it had a lien on the land superior to any lien of the plaintiff Klapproth, but it did not ask a recovery on the note or a foreclosure of its lien; and in fact a large part of the debt was not due.

Julia Hooper answered by admitting that the notes and deed of trust to Klapproth were executed by her authority, and further alleged that she had after the execution thereof, ratified and approved the same. She, in effect, confessed judgment in favor of the plaintiff, Klapproth.

By supplemental petition Klapproth alleged that the plow company accepted its mortgage with full knowledge of the prior mortgage, and that its rights were subject to the rights of Klapproth under the first mortgage.

The case was tried by the court and a judgment rendered in favor of the plaintiff, Klapproth, against Julia Hooper for the amount of the notes sued on and for foreclosure of his lien against both Mrs. Hooper and the Texas Moline Plow Company. Upon appeal of the plow company this judgment was affirmed by the Court of Civil Appeals, and the plow company applied for and obtained this writ of error.

The material facts which were found by the trial court and by the Court of Civil Appeals will here be set out:

"I, M. T. Hooper and the defendant Julia Hooper are mother and son, and were at the time of all of the transactions in this cause and are now both stockholders in a corporation known as the Midland Metal & Manufacturing Company.

"II. On the 30th day of August, 1910, the defendant Julia Hooper executed a general power of attorney, appointing M. T. Hooper as her attorney in fact, which power of attorney authorized him to bargain and sell any proper-

ty, both real and personal, in the state of Texas, belonging to the said Julia Hooper.

"III. Said power of attorney was properly authenticated and filed for record in the office of the county clerk of Upton county on the 31st day of October, 1910, at 2 o'clock p. m., and duly recorded on the 3d day of November, 1910, at 11:30 o'clock a. m.

"IV. Thereafter, on the 1st day of August, 1911, M. T. Hooper, acting under the aforesaid power of attorney, executed 38 certain promissory notes of $50 each, all dated August 1, 1911, and due one on the 1st of each month thereafter, payable to the order of H. Klapproth, signed by Mrs. Julia Hooper by M. T. Hooper, attorney in fact, and three days thereafter, to wit, on August 3d, the said M. T. Hooper, acting under said power of attorney, executed a certain deed of trust, conveying to W. B. Elkin, trustee, the second tract of land in controversy, to secure the payment of the aforesaid 38 notes.

"V. The said 38 notes were executed in favor of H. Klapproth for a consideration of certain stock owned by the said Klapproth in the Midland Metal & Manufacturing Company, a corporation, the said corporation purchasing said stock from H. Klapproth."

"VIII. On the 5th day of January, 1912, the defendant Mrs. Julia Hooper executed a deed of trust on the land in controversy to O. P. Robb, trustee, to secure the payment of two promissory notes executed by the Midland Metal & Manufacturing Company, M. T. Hooper, and Mrs. Julia Hooper, dated January 6, 1912, due December 1, 1912, and November 1, 1913, for the sum of $795 each, payable to the Texas Moline Plow Company.

"IX. Immediately prior to the execution of said deed of trust by M. T. Hooper to W. B. Elkin the defendant Mrs. Julia Hooper knew that M. T. Hooper contemplated and was going to execute said deed of trust, and both the defendant Mrs. Julia Hooper and M. T. Hooper believed that M. T. Hooper had authority, under the aforesaid power of attorney, to execute said deed of trust; and within a very few days after the execution of the deed of trust by M. T. Hooper, the defendant Mrs. Julia Hooper was advised of the execution of same, and approved and assented to the action of M. T. Hooper therein.

"X. The notes executed by Midland Metal & Manufacturing Company, M. T. Hooper, and Mrs. Julia Hooper to the Texas Moline Plow Company were for a pre-existing indebtedness of the Midland Metal & Manufacturing Company to the Texas Moline Plow Company, and the notes and deed of trust were given to secure an extension of said indebtedness.

"XI. The notes to the Texas Moline Plow Company signed by Midland Metal & Manufacturing Company and the deed of trust given to secure same were secured for the Texas Moline Plow Company by its duly authorized agent, W. A. Metcalf, who, before the execution of the notes and deed of trust, was advised by M. T. Hooper that he, acting under the power of attorney aforesaid, had executed a deed of trust to secure the notes due the plaintiff, and advised the said Metcalf that his lien would be subject to the lien of Klapproth and also to the lien of the state of Texas for the purchase price of said land.

"XII. At the time of the execution of the deed of trust to secure the notes of the Texas Moline Plow Company the defendant the Texas Moline Plow Company, through its duly authorized agent, W. A. Metcalf, refused to accept a deed of trust on the land in controversy executed by M. T. Hooper as attorney in fact under said power of attorney, believing that the deed of trust executed by M. T. Hooper in favor of the plaintiff was invalid under the power of attorney.

"XIII. Of the 38 notes given, and for which the deed of trust was executed to secure 8 have been paid off and discharged by the defendant Mrs. Julia Hooper out of the funds of the Midland Metal & Manufacturing Company, the remaining 30 of said notes are unpaid and are valid and subsisting obligations of the defendant Mrs. Julia Hooper, and the plaintiff, Klapproth has elected to mature all of said notes under a provision in said deed of trust providing that a failure to pay any one or more of said notes should, at the option of the holder thereof, mature all of same."

"XV. The approval and indorsement of the defendant Mrs. Julia Hooper of M. T. Hooper's execution of the deed of trust was verbal and not in writing."

### Opinion.

[1] The power of attorney executed by Julia Hooper gave M. T. Hooper no authority to execute the deed of trust to W. B. Elkin as trustee to secure the notes to the plaintiff, Klapproth. Reese v. Medlock, 27 Tex. 120, 84 Am. Dec. 611; Frost v. Erath Cattle Co., 81 Tex. 509, 17 S. W. 52, 26 Am. St. Rep. 831; Wiess v. Goodhue, 46 Tex. Civ. App. 142, 102 S. W. 793; First National Bank v. Hicks, 24 Tex. Civ. App. 269, 59 S. W. 842.

[2] The verbal approval of the act of M. T. Hooper did not have the effect of ratifying the deed of trust. The authority to mortgage the land is required by law to be in writing, and the ratification of an unauthorized mortgage must also be evidenced by a written instrument. R. S. arts. 1103, 3965; Zimpleman v. Keating, 72 Tex. 318, 12 S. W. 177; Reese v. Medlock, 27 Tex. 124, 84 Am. Dec. 611.

It follows from the foregoing that, unless there was proof of such facts as amounted to an estoppel as against Julia Hooper, the deed of trust to secure Klapproth's notes was ineffectual and created no lien.

[3] The right of the Texas Moline Plow Company must be determined by the facts as they existed at the time it accepted the notes and deed of trust from Mrs. Julia Hooper. If at that time Klapproth had a valid and enforceable lien, such lien is superior to the lien of the plow company. If, however, there was then no valid lien, nothing thereafter done by Julia Hooper and Klapproth, or either of them, could create a lien superior to the lien of the plow company. We agree with the Court of Civil Appeals that there is nothing in the record which shows that prior to the execution of the deed

of trust to secure the notes given to the Texas Moline Plow Company Julia Hooper had done anything, or that anything had occurred which would estop her from denying the validity of the lien claimed by Klapproth. The answer of Julia Hooper, admitting the validity of the deed of trust to secure Klapproth's debt, while it is evidence against her and in a proper case would bind her by. estoppel, cannot bind the plow company. It is contrary to reason to say that, while the plow company had a valid and superior lien until the moment her answer was filed, she, by simply answering and admitting a state of facts, contrary to the facts as they actually existed, could destroy the existing right of the plow company.

We have carefully examined all the cases cited in the opinion of the Court of Civil Appeals, and none of them, we think, support the conclusion reached by that court. The case of Stoney v. Shultz, 1 Hill Eq. 465, 27 Am. Dec. 429, cited by the Court of Civil Appeals, in our opinion does not touch the question involved in this case. In that case it appears that a sheriff under the authority and direction of one Brooks, and claiming to act under a judgment in fact void, made a deed by which he undertook to convey the fee in certain lands in which Brooks had an interest to one Williamson. The court held that the sheriff could be regarded as the private agent of Brooks, and as not acting in his official capacity, and in that connection used this language:

"And if it be objected that his [the sheriff's] authority from Brooks was by parol, and void under the statute of frauds, it is an answer that the facts are admitted by Brooks in his answer to this bill—a confirmation of the act. Williamson was therefore entitled to all the rights of Brooks."

It will be seen in that case that the admission by Brooks in his pleading was not held to be binding upon any one except Brooks. In that case the intervening rights of third parties were not involved.

All the Texas cases cited by the Court of Civil Appeals are cases in which the pleadings of litigants are held to be admissions binding upon the pleader, but in none of them was it held that a statement or admission in the pleadings of a party could affect the intervening and vested rights of others, whether parties to the suit or not.

Our conclusion is that the lien of the Texas Moline Plow Company is a first lien on said land, subject only to the unpaid purchase money due the state, and that the plaintiff, Klapproth, has a second lien inferior to the lien of the plow company. In view of the fact that the notes due the plow company were not due, and therefore no judgment could be rendered for the amount thereof when this case was tried, we recommend that the judgment of the Court of Civil Appeals and the trial court be reversed, and this case remanded for a new trial and for proceedings not inconsistent with this opinion.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.