## TEXAS & P. RY. CO. v. BUFKIN.
### No. 933.

Court of Civil Appeals of Texas. Eastland.
Jan. 22, 1932.

Rehearing Denied Feb. 26, 1932.

See, also, 19 S.W.(2d) 343; 20 S.W.(2d) 1119.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

C. F. Sentell, of Snyder, and Beall & Beall, of Sweetwater, for appellee.

### LESLIE, J.

On a former day of this term of court the judgment of the trial court in this case was reversed and the cause remanded. No motion for rehearing has been filed. The time for filing the same has elapsed, but this court having power to change its former orders during the term without such motion, and having concluded that there was error in the former disposition of the appeal, such judgment of reversal is set aside and the appeal will again be considered on the propositions presented. Since we have concluded to affirm the judgment it is proper that we pass upon some of the points which we deemed it unnecessary to consider in the original opinion.

■ We pass directly to the points urged by the appellant. The first assignment is to the effect that the court erred in overruling the defendant's special exception aimed at the omission of plaintiff to allege in his amended original petition that the defendant is a "corporation duly incorporated." The pleading ran thus: "Now comes J. A. Bufkin * * * plaintiff, complaining of the Texas & Pacific Railway Company, a private corporation, doing business in Texas," etc. To support the contention the defendant relies on article 1999, Revised Civil Statutes 1925, Way et al. v. Bank of Sumner, 30 S. W. 497, and Womack Construction Co. v. Rhodes, 283 S. W. 1108, each opinion by Courts of Civil Appeals.

We regard the opinion in Womack Construction Co. v. Rhodes as in point supporting the appellant's contention, but there is another authority in point and directly to the contrary. It is the opinion by our Supreme Court in Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36. The same contention here made was there considered, and in disposing of it the Supreme Court, through Stayton, C. J., used this language: "The appellant was alleged to be a corporation, but how incorporated was not stated. The sufficiency of the petition in this respect was questioned by a special exception, as follows: 'Because it (the petition) fails to state by what authority this defendant was incorporated, or that it was incorporated by any authorized power.' The exception was properly overruled. This matter is regulated by statute, which does not require, when a corporation is defendant, that the petition should set out the charter, or allege by what authority the defendant was incorporated. Gen. Laws 1883, p. 103."

Amendments in later years have somewhat modified this statute, but no substantial change has been made therein, in so far as the point under consideration is concerned. Article 1999, R. S. 1925.

This opinion was followed by the Court of Civil Appeals at Amarillo in the case of St. Paul Fire & Marine Ins. Co. v. Earnest et al., 293 S. W. 677. We regard the question as having been adjudicated by the Supreme Court, and upon that authority the assignment is overruled.

■ The second assignment, to the effect that the court gave a general charge in connection with the submission of the case on special issues, will not be considered. Upon this point the case was in fact reversed in the original opinion. The charge thus complained of is as follows: "You are charged that, when a common carrier receives livestock for transportation, it is their duty to use ordinary care to transport the same to their destination with due care and dispatch and without delay other than such as is usual and incident to such shipments."

The charge was given in connection with the following special issue: "Do you find from a preponderance of the evidence that the defendants, after receiving said cattle for shipment at Snyder, Texas, failed to transport the same to the consignee at Fort Worth, Texas, with due care and dispatch and without delay other than such as was usual and incident to such shipments?"

We are still of the opinion that the charge is a general one, and for that reason objectionable, but on reconsideration of the record the error is believed to be harmless. No objection was made to the submission of the

above issue, and no point is made against it on this appeal. It was answered in the affirmative, and, since the testimony is conclusive that the defendant failed to transport the shipment of cattle from the point of origin to destination in the usual and customary time, we interpret the issue (though not approving its form) and the jury's answer as a finding that the defendant, without any proper grounds or excuse for delay, failed to discharge its statutory duty (articles 6490, 905 and 6360, R. S. 1925) and transport said cattle "within a reasonable time to destination." This holding rests upon the conclusive nature of the testimony, and, the court being under the duty to instruct a verdict in favor of the plaintiff on this phase of the case, it is our opinion that the record calls for an affirmance of the judgment of the trial court.

■■ In disposing of this appeal originally we were of the opinion that the record, considered from the standpoint of the defendant, both in pleading and proof, disclosed such circumstances and conditions as might probably have justified the carrier in consuming something more than the usual and ordinary time (accurately speaking, a reasonable time, under the statute) in transporting the stock to destination. But it is now discovered that the defendant, neither by pleading nor testimony, set forth circumstances and conditions which would excuse it for the admitted and unusual delay and justify it in transporting and delivering the stock short of the usual and ordinary time for such transportation. The circumstances and conditions (congestion in traffic and shortage in water), which appellant contends justified it in consuming the extra time in transporting the shipment and exonerated it from damages by reason thereof, were circumstances and conditions which, if they existed, were not called to the attention of the shipper at the time the defendant accepted the same and undertook the transportation thereof. Having thus failed to give such notice, such defenses would not be available to the defendant (upon whom was the burden) to show that the delayed shipment was nevertheless made in a reasonable time.

The authorities and reasons which impel us to these conclusions on this phase of the case are fully and clearly set forth in an opinion by Associate Justice Funderburk in a companion case between the same parties and this day handed down. 46 S.W.(2d) 714.

The appellant's assignments have each been considered and are overruled.

The judgment of this court heretofore rendered is set aside, the former opinion withdrawn, and the judgment of the trial court is affirmed. It is so ordered.