## WOODSON MILL & ELEVATOR CO. et al.
## v. GRAHAM MILL & ELEVATOR CO.
### No. 1045.

Court of Civil Appeals of Texas. Eastland.

Feb. 3, 1933.

Rehearing Denied March 10, 1933.

Goggans & Allison, of Dallas, P. B. Carroll, of Spearman, and D. T. Bowles, of Breckenridge, for appellants.

E. S. Cummings, of Abilene, for appellee.

LESLIE, Justice.

This is a suit on a verified account. It was instituted by Graham Mill & Elevator Company, a corporation, against the Woodson Mill & Elevator Company, alleged to be "a commercial partnership," etc., composed of Chas. Abrams, A. B. Allison, Edward Horton, J. T. Pevey, Hugh Dickey, and Alex Dickey, Jr. The prayer was for judgment against the Woodson Mill & Elevator Company (if it be found to be a joint-stock company), and against the individual members jointly and severally, with execution to run first against the assets of the company and then against the individuals for the unpaid balance, if any.

The plaintiff alleged the indebtedness was for "flour, feed, maize, meal," etc., sold by it to the Woodson Mill & Elevator Company at the instance and request of the latter's agent and manager, Pete LeFeuvre. The defendant made general and special denials and specially pleaded that "no one purporting to act on behalf of defendants or the Woodson Mill & Elevator Company had the authority to make the purchases herein sued for on credit, and further, that Woodson Mill & Elevator Company was a joint stock company, organized for the purpose of manufacturing and selling the products of wheat, corn and other grains, and not for the purpose of purchasing the same from other mills and re-selling them."

Trial was before the court and jury, and, in answer to special issues, the jury found, from a preponderance of the evidence, (1) that Pete LeFeuvre was authorized to purchase the goods; (2) that the Woodson Mill & Elevator Company received the goods and merchandise; and (3) that said company retained the proceeds obtained by the resale of the goods and merchandise. On this verdict judgment was rendered for the plaintiff against Woodson Mill & Elevator Company, found to be a joint-stock company, and against the defendants individually, found to be stockholders at the time of the transaction.

The first contention presented by the appeal is that the court erred in overruling the defendant's special exception to the plaintiff's petition on the ground that it contained no allegation that the plaintiff was "duly incorporated" as required by law. Article 1999, R. S. 1925. Supporting this contention we are cited to the opinions in Way et al. v. Bank of Sumner (Tex. Civ. App.) 30 S. W. 497, and Womack Construction Co. v. Rhodes (Tex. Civ. App.) 283 S. W. 1108. We are familiar with these authorities, having had occasion to consider them in the case of Texas & P. R. Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 712.

If it be necessary for the plaintiff's pleadings to contain the allegation "duly" in connection with its allegation of the fact of incorporation (concerning which we have doubts), nevertheless we find that the pleading under attack contained averments fully equivalent to the word "duly." The idea embodied in the word "duly" is specifically and fully comprehended in plaintiff's plead-

ing to the effect that "plaintiff * * * represents to the court that it is incorporated under and by virtue of the laws of the State of Texas." This is sufficient, even under Way v. Bank of Sumner. "Duly" in legal parlance means "according to law." Among the definitions of the word to be found in Words and Phrases, First Series, vol. 3, page 2259, is the following: "The word 'duly,' as used in an averment that plaintiff is duly incorporated, imports but a conclusion. It can relate alone to the formalities observed or nonobserved, as the case may be, in the creation of the corporation. The essential fact that plaintiff is incorporated is sufficiently alleged without the use of the word 'duly.' Bury v. Mitchell (Tex. Civ. App.) 74 S. W. 341."

In Naylor v. First National Bank (opinion unpublished, but referred to in Bury v. J. E. Mitchell Co. (Tex. Civ. App.) 74 S. W. 341), an allegation by the plaintiff that "it is a corporation incorporated under the national banking laws of the United States," etc., was held equivalent to an allegation that it was duly incorporated, and sufficient as against special exception. In Gill v. First Nat. Bank (Tex. Civ. App.) 47 S. W. 751, an allegation, in substance the same as in the Naylor Case, was also held in substantial compliance with the statute.

For the foregoing reasons, and upon these authorities, the first proposition is overruled.

It conclusively appears that the Woodson Mill & Elevator Company was a joint-stock company. Its purpose was "to maintain and operate a mill for the manufacture and sale or exchange of flour and meal and products of wheat, corn and other grains." There is no dispute about LeFeuvre being the miller and manager of the company at the time of the transactions involved in this suit.

■ By the second proposition it is the contention of the defendant that the company at no time, by action of its board of directors, authorized said manager to go beyond the specific purpose of the organization and buy "goods manufactured by other companies on a credit for the purpose of re-sale." On this phase of the case the evidence seems to conflict, and the jury found in favor of LeFeuvre's authority to purchase the goods "in the manner in which they were purchased." This furnishes sufficient basis for the judgment.

■ However, if it could be plausibly maintained that LeFeuvre had no authority to purchase the goods, the principle is well established that, if one without authority assumes to act as an agent or if an agent exceeds his proper authority, the principal knowingly receiving and retaining the benefits of the transaction will be held liable. It conclusively appears from this record, as well

as the findings of the jury, that the defendants so received and still retain the benefits of the purchase and the resale of the goods effected by the manager, LeFeuvre. This fixes their liability and it is of no importance whether the president of the company or the directors of the same gave the manager the right to purchase said goods on credit or not. Hayward Lumber Co. v. Cox (Tex. Civ. App.) 104 S. W. 403; Murchison v. Davis (Tex. Civ. App.) 4 S.W.(2d) 1016; Zimpelman v. Keating, 72 Tex. 318, 12 S. W. 177; American National Bank v. Cruger, 91 Tex. 446, 44 S. W. 278; Campbell v. Jenkins (Tex. Civ. App.) 34 S. W. 673; J. I. Case Threshing Machine Co. v. Beavers (Tex. Civ. App.) 261 S. W. 440–446; Henderson v. Ry. Co., 17 Tex. 560, 67 Am. Dec. 675; Home Insurance Co. v. Ft. Worth Grain & Elevator Co. (Tex. Civ. App.) 262 S. W. 870; Id. (Tex. Com. App.) 269 S. W. 432; Trammell v. San Antonio Life Ins. Co. (Tex. Civ. App.) 209 S. W. 786; Texas & G. R. Co. v. Whiteside, 55 Tex. Civ. App. 593, 119 S. W. 126; Merchants' Ice Co. v. Scott & Dodson (Tex. Civ. App.) 186 S. W. 418; Lakeside Bridge & Steel Co. v. Duvall, 179 Ark. 963, 19 S.W.(2d) 1107; 21 R. C. L. p. 932, § 111, p. 919, § 99; Williston on Contracts, p. 531, § 278.

The foregoing authorities conclusively establish that a principal who accepts the benefits of an unauthorized act of a reputed agent cannot thereafter deny the agency. In D. Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580, 588, it is said to be "a principle of the highest form of justice that a principal will not be permitted to keep and enjoy the benefits arising from a repudiated agency without assuming the burdens imposed by the agency." The circumstances of the case charge the defendants with the knowledge of LeFeuvre's transactions with the defendant, and under all the circumstances it is immaterial whether he had specific authority to make the purchases or not. The defendant's liability on the theory of ratification is clear. The second proposition is overruled.

■■ By the third proposition the defendants complain that the court erred in overruling their special exception, as follows: "Defendants specially except to the plaintiff's first amended original petition for the reason that it contains matters which do not properly form a part of an amended petition." This exception points out no specific vice in the pleadings, and neither does the brief. It is without merit. However, an inspection of the pleadings fails to disclose that there is any such departure from correct pleading as would authorize the reversal of the judgment. If it could be regarded as a technical error, it should be regarded as harmless.

Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

The judgment of the trial court is correct: For the reasons assigned it will be affirmed.