## COMMERCIAL STANDARD INS. CO. v. NELSON MORTG. CO. et al.

### No. 1978.

Court of Civil Appeals of Texas. Eastland.

Feb. 9, 1940.

Rehearing Denied March 8, 1940.

Seabury, Taylor & Wagner, of Brownsville, for appellant.

Abney & Whitelaw, C. K. Richards, and A. B. Cole, all of Brownsville, J. M. Mothershead, of Harlingen, West & Hightower, of Brownsville, and P. F. Dominy, of San Benito, for appellees.

FUNDERBURK, Justice.

Nelson Mortgage Company, a corporation, brought this suit against Grant E. Lovett and Commercial Standard Insurance Company, a corporation, to recover items of indebtedness representing the sale price of citrus fruit purchased by Grant E. Lovett as a "dealer" under the provisions of Vernon's Ann.Civ.Statutes, Art. 118b. The suit as against Commercial Standard Insurance Company, the surety upon the bond of said dealer, provided for in section 4(b) of said Art. 118b, was upon the said bond. Numerous persons intervened, or were made parties, each asserting a claim against Grant E. Lovett and his said surety for the price of citrus fruit sold and delivered to Lovett.

Hartford Accident & Indemnity Company and Earle Brown, Jr., were made parties defendant by the original plaintiff upon an alternative claim to the effect that said defendants constituted a partnership to whom the citrus fruit was sold.

In a nonjury trial the court adjudged that plaintiff Nelson Mortgage Company take

nothing against Hartford Accident & Indemnity Company, and dismissed the suit as against one Bruce (H. B.) Stone. Grant E. Lovett was adjudged to be liable to plaintiff and the other parties named in the judgment in stated amounts, aggregating $4,533.59. Commercial Standard Insurance Company was adjudged to be liable pro rata upon the same claims of the same parties to the aggregate amount of $4,428.96. ($571.04 of the maximum liability upon the $5,000 bond had been discharged by payment of such amount to Bruce Stone, dismissed from the suit as aforesaid.) Judgment over was awarded the Commercial Standard Insurance Company against Grant E. Lovett, the judgment containing other provisions not deemed necessary to mention.

The honorable trial judge, pursuant to request, filed conclusions of fact and law which, being objected to with request for "further additional and amended findings", were supplemented by additional, and in some respects, amended findings.

In the original findings were two as follows:

"III. * * * on December 24, 1937 there was formed a co-partnership known as the Grant E. Lovett Trust and * * * this partnership assumed liabilities of Grant E. Lovvett and acquired the assets of Grant E. Lovett."

"IV. On and after December 24, 1937, all purchases of citrus fruit by Grant E. Lovett were made by him as between himself and his partners in behalf and for the benefit of the Grant E. Lovett Trust, but I find that all of the grower-sellers of citrus fruit to Grant E. Lovett, plaintiff and interveners herein who testified on the trial of this case did not know of the formation of said partnership and in making their sales to Grant E. Lovett thought they were making their sales to him as an individual."

These findings were objected to on the ground, among others, that the "overwhelming preponderance of the evidence * * * shows that the Grant E. Lovett Trust was attempted to be organized but that nothing was accomplished further than the signing of the agreement and the opening of a set of books and that shortly after the signing of such agreement it was discovered that such Trust could not secure a bond as a citrus fruit dealer, and that the business simply continued to be operated by Grant E. Lovett without regard to the trust agreement." The additional findings were not conclusions of fact, as distinguished from a statement of evidence supporting such conclusions, as is contemplated by the law providing for the filing, in non-jury cases, of the trial judge's conclusions of fact and law. No objection, however, was made to the additional findings upon this ground, and we believe that, considering the original findings quoted above, said objections thereto and the additional findings of evidentiary facts, a conclusion of fact is necessarily implied to the effect that none of the citrus fruits, the sale of which is involved in any of the claims in this suit, was sold to Grant E. Lovett Trust, or to anyone, other than Grant E. Lovett, the licensed and bonded dealer.

Only the Commercial Standard Insurance Company has appealed.

■ The first ground upon which a reversal of the judgment is sought involves the question of whether appellant was discharged for the reason as contended, that after the execution of the bond as surety for Grant E. Lovett, an individual, he formed a partnership to which all the citrus fruit involved, except a very small amount, was sold, and for the payment of which the copartnership became liable. A part of the foregoing statement of the case anticipates our opinion that the record does not raise this question. Taken alone, the above-quoted original findings of the court would, perhaps, do so. In our opinion, those findings were superseded by findings to the contrary effect. The additional findings, if regarded only as findings of evidentiary facts, leave no escape from the conclusion that such evidence establishes that all sales of citrus fruit were made to Grant E. Lovett and not to Grant E. Lovett Trust.

■ Nelson Mortgage Company, the original plaintiff, it is true, alleged in part that the sales made by, or for, it were made to Grant E. Lovett Trust, or partnership composed of Grant E. Lovett and Earle Brown, Jr. In the alternative, however, it alleged that such sales were made to Grant E. Lovett, the individual. It is upon this alternative cause of action that the judgment awards recovery. When inconsistent facts are alleged in the alternative as a basis for recovery upon different causes of action, the right to do so would be defeated if the inconsistent facts were to be taken as destructive each of the other.

■ An interesting question is presented regarding the allegation of the plaintiff's petition that "The defendant Commercial Standard Insurance Company is a Texas corporation with its principal office in Tarrant County, Texas." Said allegation was attacked by special exception on the ground that it failed to allege "that the defendant Commercial Standard Insurance Company is duly incorporated under the laws of the State of Texas." Error is assigned upon the action of the court in overruling the special exceptions. This presents a very old, and often recurring, question in this state, which, it would seem, ought to have been settled long ago. In the Bank of Alabama v. Simonton, 2 Tex. 531, and in Holloway v. M. E. & P. Ry. Co., 23 Tex. 465, 76 Am.Dec. 68, the law of this state, as it then existed, was interpreted to the effect, that in a suit by or against a corporation in its corporate name, it was necessary to allege and prove that such party was a corporation. There was no question suggested in those cases that the mere allegation that the party was a corporation would be insufficient. Revised Civil Statutes 1879, Art. 1190, provided that, "In pleading the charter or act of incorporation of any corporation, public or private, organized under the laws of this State, it shall not be necessary to set out at length such charter or act of incorporation, but it shall be sufficient to allege that such corporation, if it be of the adverse party, was duly incorporated, and if it be of the party pleading it, or of a third party, the date and manner of incorporation shall be stated." By Act approved April 17, 1883, Acts 1883, c. 101, p. 103, the above was amended to read: "In pleading the charter or act of incorporation of any corporation, public or private, it shall not be necessary to set out at length such charter or act of incorporation, but it shall be sufficient to allege that such corporation was duly incorporated, and such allegation by either party shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney." Obviously, this amendment wrought two changes in the pre-existing law: (1) it abolished the distinction between such a pleading as referable to the adverse party, and as referable to the party pleading; and (2) it obviated the necessity of the proof of the fact of incorporation, unless denied by the affidavit of the adverse party, his agent or attorney.

In Houston Water Works, v. Kennedy, 70 Tex. 233, 8 S.W. 36, the plaintiff alleged that the defendant was a corporation, but did not allege how incorporated. The sufficiency of the petition was questioned by special exception as follows: "Because it (the petition) fails to state by what authority this defendant was incorporated, or that it was incorporated by any authorized power." The action of the court in overruling the special exception, being presented as error, was disposed of by the Supreme Court with this statement: "This matter is regulated by statute, which does not require, when a corporation is defendant, that the petition should set out the charter, or allege by what authority the defendant was incorporated"—citing General Laws 1883, p. 103, being the amendment above quoted. In the light of the earlier judicial decisions, it seems clear to our minds that the Supreme Court simply recognized no distinction between an allegation that the defendant was a corporation and that it was duly incorporated. Upon this view this court in Texas & P. Ry. Co. v. Bufkin, Tex.Civ.App., 46 S.W. 2d 712, having the question squarely presented, reached the conclusion that a pleading was not subject to special exception which alleged that a party was a corporation, but omitted to allege that it was duly incorporated. Woodson Mill & Elevator Co. v. Graham Mill & Elevator Co., Tex. Civ.App., 57 S.W.2d 943, and authorities cited.

It is believed that the correctness of said decisions is dependent upon the question of whether an allegation that a named party is duly incorporated presents for determination any issue not presented by an allegation that such company is a corporation. An allegation that a named party is a corporation is an allegation of a provable fact. An allegation that a party is a corporation, duly incorporated, if anything more, is an allegation of a conclusion of law, or, at least, a conclusion of law and fact.

It may be conceded that the Legislature has the power to authorize the allegation of a conclusion of law and to declare as an effect thereof that a party thereby be conditionally relieved of the burden of proof of certain facts. A familiar example is R.S.1925, Art. 2007, relating to pleas of privilege.

■ But, as applicable to the question here, if, in addition to the fact that a party

is a corporation, there could be no issue of due incorporation, then it would seem certain that an allegation of due incorporation would neither add to, nor detract from, the allegation that a party is a corporation. Granted that a party is a corporation, then there could be no issue as to whether the party was duly incorporated except in a suit by the state brought to establish by judgment that a corporation was not duly incorporated. "The general rule" says Corpus Juris, "supported by an almost unanimous concensus of judicial opinion and sometimes expressly declared by statute is that the legality of the existence of a de facto corporation can be questioned only by the State in a direct proceeding and cannot be collaterally attacked or litigated in actions or proceedings between private individuals or other corporations, or between them and the alleged corporation itself." 14 C.J. p. 204, sec. 216. As supporting the text, many Texas Supreme Court decisions are cited.

█ It seems, therefore, it would be an unnecessarily strict construction of the law, which would impute to the Legislature the intention that in lieu of an allegation of a fact the pleader must substitute an allegation of a conclusion of law, or of mixed law and fact, tendering no justiciable issue, as the condition upon which the pleader is to be relieved of the burden of proving the alleged fact in the absence of affidavit, etc. It is our view, as seems to have been held in the very early cases above mentioned that an allegation that a party is a corporation is sufficient and will relieve the pleader of the necessity of proving the allegation except under the conditions prescribed by the statute. If due incorporation be not an issue additional to the issue of the fact of incorporation, then the last-named fact implies due incorporation.

█ Even if we are incorrect in this view, we think there is no error shown because one of the interveners alleged that appellant was duly incorporated and no affidavit was filed. The admission of due incorporation involved in that proceeding is not, in our opinion, confined to the controversy between the particular intervener and the appellant. The general rule is that evidence,—and the same would, we think, apply to conditions dispensing with evidence —is applicable alike to all parties to the same suit, unless it be expressly and specially limited in its application.

One of the interveners—Earle Brown, Sr.—purporting to act for himself, and as "agent and trustee" for A. Rodger Chamberlain and Walter C. Seelye," sought recovery of $714 alleged to be due by Grant E. Lovett for citrus fruit sold the latter by intervener and his said principals, acting through their trustee Earle Brown, Jr. To this pleading it was answered by appellant, in part, that "intervener does not sue by written authority of A. Rodger Chamberlain and Walter C. Seelye; that A. Rodger Chamberlain and Walter C. Seelye are not and do not appear in the petition of intervention of defendant Earle Brown, Sr., as parties to this suit." It was prayed that wherefore "he be dismissed with his costs." The judgment recites that all pleas in abatement and exceptions were overruled.

█ If Earle Brown, Sr., had authority to bring the action as agent and trustee for Chamberlain and Seelye, it is immaterial that he may not have had authority to authorize Earle Brown, Jr., to act as agent or trustee for Chamberlain and Seelye. Granted that Earle Brown, Jr., may have been without authority to sell citrus fruit of Chamberlain and Seelye, a suit by them for the price thereof would constitute a ratification of such unauthorized action and render it immaterial that he may have acted without sufficient authority in making the sales.

█ The only question presented for our decision is, not whether Earle Brown, Sr., actually had authority to maintain the suit in his own name as agent and trustee of Chamberlain and Seelye, but whether his pleading was insufficient as a matter of law to authorize him to maintain such action. In our opinion, the pleading was sufficient. If Earle Brown, Sr., in fact had insufficient authority as agent or trustee of said other parties, that was a matter, under proper plea in abatement, to be shown by the evidence, the burden being upon appellant, or to be taken advantage of in the admission of evidence. Earle Brown, Sr., alleged his authority to bring the suit as being that of an agent and trustee of the other parties. It was unnecessary for him to plead the evidence necessary to establish that allegation.

██ The proposition by which it is contended that the judgment insofar as it awarded recovery in behalf of Earle Brown, Sr., and said other persons for

174

whom he sued as agent and trustee, was unwarranted because there was no evidence of Brown's authority to sue upon the causes of action of A. Rodger Chamberlain and Walter C. Seelye, we think should be overruled because we are not pointed to any deficiencies in the evidence. It cannot be said, as a matter of law, that any express or necessarily implied authority must be affirmatively shown. To the general rule that one person may not sue in his own name upon a cause of action of another, there are some exceptions. One is, "where the agent has an interest in the subject-matter of the contract." Tinsley v. Dowell, 87 Tex. 23, 26 S.W. 946, 948. We do not think it is our duty to go through the statement of facts to discover, if possible, that Earle Brown, Sr., had no such interest in the subject matter of the suit as would authorize him to bring the suit for said parties as well as himself.

The other questions are believed to be controlled by our conclusions already stated. In our opinion, the judgment of the court below should be affirmed, and it is accordingly so ordered.