**MULLINS et al. v. JERNIGAN.**
**No. 6367.**

Court of Civil Appeals of Texas. Texarkana.
April 22, 1948.

Rehearing Denied May 13, 1948.

H. A. Leaverton, of Breckenridge, for appellants.

William J. Merrill, Sid B. Turner and C. E. Upchurch, all of Carthage, for appellee.

HARVEY, Justice.

O. V. Mullins, and others, sued B. F. Jernigan in a trespass to try title action for title and possession of 1/16th of the minerals under about 399 acres of land of the Micajah Ivy Survey in Panola County, Texas. The case was tried to the court, without a jury, and from a judgment entered in favor of the defendant this appeal has been perfected by the plaintiffs.

In 1918, C. T. Cummings conveyed the 399 acre tract in question to J. G. Wallace, reserving a series of vendor's lien notes, and also reserved to himself all of the minerals underlying said tract; in 1920,

Wallace conveyed this land to C. S. Ivy, part of the consideration being the assumption of the outstanding vendor's lien notes in favor of Cummings. On January 21, 1924, C. T. Cummings conveyed a ⅟₁₆th mineral interest under the land in question to C. S. Ivy; Ivy then, on February 19, 1924, gave a deed of trust on the land, including the ⅟₁₆th mineral interest, in favor of the Federal Land Bank of Houston to secure a $7,000.00 note. After this deed of trust was executed and delivered, Ivy then reconveyed the ⅟₁₆th mineral interest to Cummings on March 8, 1924. On April 7, 1928, Ivy gave a deed of trust to the Federal Land Bank of Houston on five tracts of land, including the tract of 399 acres heretofore referred to, as security for a prior note due it by Ivy for the sum of $2500.00, as well as to secure the other note in the sum of $7,000.00, in favor of the Federal Land Bank of Houston, dated February 19, 1924, which was also secured by a deed of trust. In this last named deed of trust it was stipulated that "Any failure to pay an installment on the $2500.00 note secured by the deed of trust shall ipso facto mature the note for $2500.00 secured by deed of trust above referred to, and it is further agreed that any failure on our part to comply with all the requirements of either one of the deeds of trust, which failure would mature the note, secured by that deed of trust, shall also mature both of the notes secured by this deed of trust, and the doing of any act which would mature either note shall mature both."

This deed of trust was recorded in the deed of trust records of Panola County, in Vol. 13, page 386, on April 7, 1928. In 1937, a trustee's sale was had under the April 7, 1928, deed of trust, and the Federal Land Bank of Houston became the purchaser at such sale of the land, including the one-sixteenth mineral interest herein involved. Thereafter, in December, 1938, B. F. Jernigan bought the 399 acre tract, which included the ⅟₁₆th mineral interest therein, from the Federal Land Bank; O. V. Mullins, and others, in 1944, bought their claimed ⅟₁₆th mineral interest from C. T. Cummings.

■■ On the trial in the court below, by agreement of both parties, an abstract of title was used instead of the original records in the office of the county clerk. The defendant Jernigan introduced the various instruments hereinabove referred to in order to show his title. A substitute trustee was appointed as well as an attorney in fact to sell the land; in the instruments appointing them the same reference was made to the recordation of the authority therefor as being contained in a deed of trust recorded in Vol. 74, page 386, Deed of Trusts Records of Panola County, Texas. Appellants make the contention that the mistaken reference to Vol. 74 of the deed of trust records was fatal to the validity of the trustee's sale in that it was not established on the trial that the deed of trust shown in the abstract to have been recorded in Vol. 13, page 386, of the records referred to was the same as the deed of trust referred to in the trustee's deed and in the other instruments constituting the prerequisites for a sale by the trustee. The trustee's deed itself contains recitals to the effect that the note was past due and unpaid; that notice of sale was given as provided by law, and that the sale was made by a properly authorized trustee. The deed of trust provides that such recitals shall be prima facie evidence of the facts recited. An examination of the record discloses that the grantor and grantee in the Trustee's Deed and in the Deed of Trust are the same; the dates of the execution of the instruments as given in the references and as in the deed of trust are the same; the amount of acreage, 1052.5 acres, mentioned in the references, is the same as the acreage conveyed in the deed of trust; the references showing the acreage to be out of the Ivy, Palmer, and Nichols surveys designate the same surveys as those mentioned in the deed of trust; the page reference "No. 386" is the same as made in the references and in the deed of trust; the references state that the deed of trust secured two notes, one for $2500.00 and one for $7,000.00, and the deed of trust describes such notes; the dates that the installments were to become due, referred to in the

trustee's deed, are the same as the installments mentioned in the deed of trust. In all the instruments, wherever "Vol. 74" is used in referring to the deed of trust, the numerals "74" are underscored. Under all these circumstances, in the absence of Findings of Fact and Conclusions of Law by the trial court, presumably it found that the reference to Vol. 74 was a typographical error and reference to Vol. 13 was intended. The above enumerated facts fully justify the conclusion that the reference to the deed of trust as being recorded in Vol. 74, was intended to apply to the original Deed of Trust, which in reality was recorded in Vol. 13. Over- and v. Menczer, 83 Tex. 122, 18 S.W. 301; First National Bank v. Hicks, 24 Tex.Civ. App. 269, 59 S.W. 842. The appellee, therefore, made out a prima facie case under the instruments introduced, as well as by reason of recitals in the trustee's deed, that the various prerequisites to a valid trustee's sale existed, and this showing was not rebutted by the appellants.

 Appellants present the point that there was a default in the payment of the notes four years prior to the trustee's deed and that under the ipso facto clause in the 1928 deed of trust the notes conclusively were presumed to have been barred by the four year statute of limitation, Vernon's Ann.Civ.St. art. 5527, and for this reason the trustee's sale was void. As a basis for this contention they refer to two transfers of liens from the Federal Land Bank to the Carthage National Farm Loan Association. The first one was dated October 2, 1928, and was a transfer of interest in the sum of $14.58; the other dated October 5, 1929, was a transfer of interest and installments in stated amounts. Appellants concede that the maturity clause in the 1928 deed of trust, which was the one foreclosed and which covered both the $2500.00 note and the $7,000.00 note, providing for maturity of all installments due on the note in case of default applies to the $2500.00 note only. They concede further that "the option of the holder clause" applies to the $7,000.00 note. The first transfer of lien bears the "Loan No. 59698—C. S. Ivy;" the second transfer bears no loan number. The Trustee's

Deed, executed in 1937, recites: "The Federal Land Bank of Houston, owner and holder of said note(s), did on the 3rd day of December, 1934, mature and declare at once due and payable the whole of the principal due and payable on said note(s)." There is no evidence as to which of the notes the two transfers related to. If there was a default in the $2500.00 note, then four years had passed from the date of default to the date of the foreclosure; if they applied to the $7,000.00 note, then there is no question of limitation presented, since there was a period of only three years between the exercise of the option to mature the notes on December 3, 1934, and the trustee's sale in 1937. The burden having been upon appellants to show that a default of some kind had been made in regard to the $2500.00 note and the date of such default, in the absence of proof of a default having occurred the appellants failed to establish that the notes were barred by limitation at the time that the trustee's sale was made.

The judgment of the trial court in all things is affirmed.