**Floyd CAVINESS, Appellant,**

**v.**

**Richard W. JAMES and John L. James,
Appellees.**

**No. 7562.**

Court of Civil Appeals of Texas.

Texarkana.

May 19, 1964.

Rehearing Denied June 16, 1964.

H. B. Harrison, Fisher, McLaughlin & Harrison, Paris, for appellant.

Hardy Moore, Moore & Lipscomb, Paris, for appellees.

FANNING, Justice.

Appellant sued appellees seeking an injunction to enjoin appellees from availing themselves of Art. 1377b, Vernon's Annotated Penal Code. Appellees filed a cross-action for injunction to enjoin the appellant from interfering with their right to cross appellant's land in order to obtain access to appellees' land and for grounds thereunder alleged way of necessity and under authority of the said statute, Art. 1377b, V.A.P.C.

The trial court after stating in its judgment "it appearing to me that the plaintiff's application for a temporary injunction should be denied and the defendant's application as cross-plaintiffs for a temporary injunction should be granted by virtue of the provision of said article 1377b, Vernon's Annotated Penal Code", denied plaintiff's application for a temporary injunction and granted defendants' application as cross-plaintiffs for a temporary injunction, and granting to defendants-cross-plaintiffs a specified right of way across appellant's land.

Floyd Caviness, the appellant, has appealed, contending that said Art. 1377b, Vernon's Annotated Penal Code, is unconstitutional.

The Supreme Court of Texas has recently held that said Article 1377b, V.A.P.C., is unconstitutional. W. T. Waggoner Estate v. Wilmer Cleghorn, Tex., 378 S.W.2d 47.

 The Supreme Court also pointed out in the above referred to case that the three requisites for a way of necessity are (1) unity of ownership of the alleged dominant and servient estates; (2) that the roadway is a necessity; and (3) that the necessity existed at the time of the severance of the estates, citing Duff v. Matthews, 158 Tex. 133, 211 S.W.2d 637 and Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622.

■ The judgment of the trial court cannot be supported on the specific ground stated by the trial court, as Article 1377b, V.A.P.C., is unconstitutional. It is our further view that appellees' contention that the trial court's judgment can be supported on an implied finding that appellees were entitled to a right of way by necessity is without merit because under the record in this cause there is no evidence of probative force to support such an implied finding.

Under authority of Waggoner Estate v. Cleghorn, supra, we reverse the judgment of the trial court and render judgment for appellant granting the temporary injunction sought by him against appellees.

Reversed and rendered.